**Scott EUSTICE, Appellant,**

v.

**GRANDY'S and Jamila Thomas, Appellees.**

**No. 05–91–00783–CV.**

Court of Appeals of Texas, Dallas.

Feb. 11, 1992.

Thomas B. Arnold, Samuel D. Rosenstein, Dallas, for appellant.

Belinda Vrielink, Rhonda Johnson Byrd, John Kronenberger, Paul B. Van Ness, Dallas, for appellees.

Before BAKER, OVARD and KAPLAN, JJ.

## OPINION

KAPLAN, Justice.

Scott Eustice appeals from an order dismissing his lawsuit against Grandy's and Jamila Thomas for want of prosecution. In two points of error, Eustice contends that the trial court abused its discretion in failing to reinstate the case. Grandy's asserts a cross-point for delay damages under rule 84 of the Texas Rules of Appellate Procedure. We overrule Eustice's points of error and Grandy's cross-point and affirm the judgment of the trial court.

## BACKGROUND FACTS

Scott Eustice sued Grandy's and Thomas for personal injuries sustained in two unrelated accidents. The case was set for trial five times over a period of twenty-eight months. Eustice moved for two continuances, both of which the trial court granted. The court did not reach the case on the docket on two other occasions. The

court finally reset the matter for February 25, 1991.

Eustice originally was represented by attorney David T. Lancaster. In October 1990, Eustice retained the law firm of Thomas B. Arnold to represent him in this lawsuit. Arnold advised opposing counsel that he would need to undertake discovery to prepare the case for trial. Notwithstanding this representation, Arnold did not conduct any discovery. In fact, Eustice and his attorneys never propounded written discovery to the defendants or initiated any depositions. Eustice did not respond to discovery from Thomas which resulted in a motion for sanctions and frustrated two mediation sessions.

On February 14, 1991, Arnold filed a Notice of Entry and Appearance as counsel for Eustice. The next day, Eustice filed another motion for continuance. This time, Eustice sought to continue the February 25, 1991 trial setting because of the inability to settle the case during mediation, inadequate preparation by his former counsel, and the recent involvement of Arnold. An amended motion for continuance was filed on February 20, 1991, alleging that Arnold had a conflict in another court. On February 22, 1991, Eustice filed a Motion to Substitute Counsel. The motion recites that Eustice "has hired Thomas B. Arnold and the Law Office of Thomas B. Arnold to represent his interest in this cause." The pleading concludes that "[t]his Motion is not brought for the purpose of delay."

The case was called to trial on February 25, 1991. An attorney with the Law Office of Thomas B. Arnold appeared for Eustice at the docket call. David Lancaster, although still an attorney of record, did not appear. Grandy's and Thomas announced ready for trial, and Eustice urged his motion for continuance. The court denied the continuance, and Eustice announced not ready. The court then dismissed the lawsuit for want of prosecution because of the refusal of Eustice to go forward and prosecute his case with diligence. Eustice filed a motion to reinstate, which was denied. A subsequent motion for reconsideration also was denied by the trial court. This appeal follows.

## DENIAL OF MOTION TO REINSTATE

■ We note at the outset that Eustice does not appeal from the denial of his motion for continuance. Nor does he dispute the action of the trial court in dismissing his lawsuit for want of prosecution. Rather, Eustice complains that the court abused its discretion in refusing to reinstate the case.

■ A motion to reinstate a case dismissed for want of prosecution is addressed to the sound discretion of the trial court. *Parks v. McMackin,* 636 S.W.2d 759, 761 (Tex.App.—Fort Worth 1982, writ ref'd n.r.e.). The court may consider the entire history of the proceeding in determining whether to reinstate the action. *Melton v. Ryander,* 727 S.W.2d 299, 301 (Tex.App.—Dallas 1987, writ ref'd n.r.e.). The inquiry on appeal is whether the trial court abused its discretion. *Bevil v. Johnson,* 157 Tex. 621, 307 S.W.2d 85, 87 (1957); *Melton,* 727 S.W.2d at 301; *Parks,* 636 S.W.2d at 761.

■ Eustice predicates his entire argument on the language of rule 165a(3) of the Texas Rules of Civil Procedure. This rule provides, in relevant part, that "the Court shall reinstate the case upon finding ... that the failure of the party or his attorney was not intentional or the result of conscious indifference but was due to an accident or mistake...." TEX.R.CIV.P. 165a(3). However, rule 165a(3) applies only to cases dismissed for want of prosecution because of the failure of an attorney or party to appear for trial. *Ozuna v. Southwest Bio-Clinical Laboratories,* 766 S.W.2d 900, 903 (Tex.App.—San Antonio 1989, writ denied); *Moore v. Armour & Co.,* 748 S.W.2d 327, 331 (Tex.App.—Amarillo 1988, no writ); *Speck v. Ford Motor Co.,* 709 S.W.2d 273, 275 (Tex.App.—Houston [14th Dist.] 1986, no writ). It does not apply to cases dismissed for want of diligent prosecution pursuant to the inherent power of the trial court. *Ozuna,* 766 S.W.2d at 903; *Moore,* 748 S.W.2d at 331; *Speck,* 709 S.W.2d at 275.

The order entered by the trial court plainly states that the "[p]laintiff has failed to prosecute his suit with due diligence." The court found that (1) Eustice announced not ready and moved for a continuance for the third time; (2) Eustice did not respond timely to defendant's written discovery requests; and (3) due to Eustice's previous postponements, this case was not brought to trial or final disposition within the time set forth by rule 6(b) of the Rules of Judicial Administration. These findings are supported by the record and are not disputed by Eustice.

We hold that the standards for reinstatement set forth in rule 165a(3) do not apply to this case because the action was dismissed for want of diligent prosecution, not for the failure to appear at trial. *Ozuna*, 766 S.W.2d at 903. *Cf.* TEX.R.CIV.P. 165a(4) (the same reinstatement *procedures* and *timetable* are applicable to all dismissals for want of prosecution, including cases that are dismissed pursuant to the court's inherent power). The trial court acted in accordance with guiding rules and principles in refusing to reinstate this case. There is no abuse of discretion. Points of error one and two are overruled.

### DELAY DAMAGES

■ In a cross-point, Grandy's contends that this appeal is frivolous and requests delay damages against Eustice pursuant to rule 84 of the Texas Rules of Appellate Procedure. Before an appellate court may assess damages for delay, it must find that the appeal was taken for delay without sufficient cause. *Mid–Continent Casualty Co. v. Whatley*, 742 S.W.2d 475, 479 (Tex.App.—Dallas 1987, no writ). The rule should be applied with prudence, caution and after careful deliberation. *Lloyd Elec. Co. v. Millett*, 767 S.W.2d 476, 484 (Tex.App.—San Antonio 1989, no writ).

Although this case is now over three years old, we cannot say that this appeal has been pursued solely for the purpose of delay or without sufficient cause. Eustice's points of error, even if unconvincing, had a reasonable basis in law. Under these circumstances, we decline to award Grandy's delay damages under rule 84.

The judgment of the trial court is affirmed.