**Daisy BURTON, Appellant,**

v.

**Renee HOFFMAN, Appellee.**

**No. 03–97–00381–CV.**

Court of Appeals of Texas,
Austin.

Jan. 8, 1998.

Rehearing Overruled Feb. 12, 1998.

James Craig Orr, Jr., Reyes & Associates, P.C., Dallas, for appellant.

Steven M. Reback, Jerri Lynn Ward, Mullen, MacInnes & Redding, Ltd., Austin, for appellee.

Before POWERS, ABOUSSIE and B.A. SMITH, JJ.

ABOUSSIE, Justice.

Appellant, Daisy Burton, sued appellee, Renee Hoffman, for injuries sustained when Hoffman allegedly backed into Burton's car at a grocery store parking lot. On the date the case was set for trial, an associate from the firm representing Burton appeared in court but refused to proceed when the case was called. The trial judge dismissed Burton's case for want of prosecution. We will affirm.

## STATEMENT OF FACTS

Burton's attorney had two cases set for trial on the same date. Both Burton's case and a case set in Dallas County apparently had been set weeks in advance and were scheduled for trial on Monday, April 7, 1997. On the Friday afternoon before the Monday trial settings, Burton's attorney learned that both cases most likely would be called first on their respective court dockets. Faced with this possibility, the attorney filed a motion for continuance in Burton's case, stating as grounds the conflicting trial dates.[1] The attorney then arranged for an associate in his firm to appear in court in Travis County on Monday to present the motion and obtain a ruling. Come Monday, the attorney proceeded with the other trial in Dallas County, while his associate appeared in court on behalf of Burton in Travis County. The trial court denied Burton's motion for continuance and called the case for trial. The associate, however, announced not ready and refused to proceed with the prosecution.[2] After a hear-

---

1. This was Burton's second motion for continuance. The week before Burton had sought a continuance after she learned that she had sued the wrong party. The trial court denied her request.

2. In his affidavit, the associate states that he was unprepared to try the case when it was called to

ing, the trial court ordered the case dismissed for want of prosecution. Burton now appeals the trial court's order, complaining of both lack of notice to dismiss and the trial court's failure to reinstate the case.[3] We will overrule the points of error and affirm the order.

## DISCUSSION

■ In her first point of error, Burton avers that the trial court erred when it dismissed her case because it failed to give her any notice of the court's intent to dismiss as required by Texas Rule of Civil Procedure 165a. Under authority afforded it by Rule 165a(1), a trial court may dismiss a case for failure to appear at trial or a hearing, and the clerk is required to send notice of the court's intention to dismiss and the date and the place of the dismissal hearing to the attorney of record. *See* Tex.R. Civ. P. 165a(1). Rule 165a, however, is not the only authority by which a trial court may dismiss a case. A trial court also has the inherent power to dismiss. *See Veterans' Land Bd. v. Williams,* 543 S.W.2d 89, 90 (Tex.1976). Pursuant to its inherent power, the court may dismiss a lawsuit for failure to prosecute it with due diligence separate and apart from statutory or rule authority. *See Veterans' Land Bd.,* 543 S.W.2d at 90; *McCormick v. Shannon W. Texas Memorial Hosp.,* 665 S.W.2d 573, 575 (Tex.App.—Austin 1984, writ ref'd n.r.e).* In fact, one of the fundamental powers possessed by a trial court is the power to dismiss a case when a litigant refuses to prosecute. *See Bevil v. Johnson,* 157 Tex. 621, 307 S.W.2d 85, 87 (1957); *Miller v. Kossey,* 802 S.W.2d 873, 877 (Tex. App.—Amarillo 1991, writ denied); *Buchanan v. Masood,* 631 S.W.2d 219, 221 (Tex. App.—Amarillo 1982, no writ). The ability to dismiss is subject to review under the abuse of discretion standard. *See MacGregor v. Rich,* 941 S.W.2d 74, 75 (Tex.1997); *Veterans' Land Bd.,* 543 S.W.2d at 90.

■ Here, the associate representing the plaintiff appeared in court on the day the case was set for trial but *refused* to proceed when the case was called. As grounds for dismissal, the trial court noted that appellant announced not ready for trial when the case was called and declined to put forth any evidence when given the opportunity. Consequently, we conclude that appellant's case was not dismissed for want of prosecution due to failure to appear pursuant to rule 165a(1); rather, the case was dismissed for want of prosecution due to failure to proceed. In addition to any other basis, the trial court could, therefore, dismiss the case pursuant to its inherent power to dispose of cases in which the litigant refuses to go forward without regard to rule 165a. Accordingly, the trial court did not abuse its discretion in dismissing Burton's case.

Nevertheless, it appears from the appellate record that Burton did have notice of the trial court's intent to dismiss. The trial court did not sign the order dismissing the case until after a later hearing on Burton's motion to reconsider the dismissal and/or reinstate the case. Presumably, Burton had notice of the court's intent to dismiss and the date and the place of this hearing as she appeared for the hearing and argued her dual motion for reconsideration of the dismissal and motion to reinstate the case. Point of error one is overruled.

■ In her second point of error, Burton complains that the trial court erred when it refused to reinstate her case because her failure to appear for trial was not intentional or the result of conscious indifference.[4] A

trial on April 7, 1997. Although the record does not reflect that the case was dismissed at this time, the parties suggest that the trial court orally pronounced a dismissal upon the associate's failure to proceed. The order of dismissal was signed May 14, 1997.

3. Burton does not appeal the trial court's refusal to grant the motion for continuance.

4. Appellant filed a joint motion for reconsideration of dismissal for want of prosecution and/or

motion for reinstatement. While the appellate record contains this motion, it does not include any order by the trial court disposing of the motion. Based on the statement of facts, it appears that the trial court orally denied the motion to reinstate, but the record does not reflect a written order denying the motion. The appellate record contains only the trial court's order for dismissal for want of prosecution, which, as noted previously, was signed at the conclusion of the

motion to reinstate a case dismissed for want of prosecution is addressed to the sound discretion of the trial court. *See Eustice v. Grandy's,* 827 S.W.2d 12, 14 (Tex.App.—Dallas 1992, no writ). The court may consider the entire history of the proceeding in determining whether to reinstate the action. *Id.* Appellate review of the trial court's decision is limited to abuse of discretion. *Smith v. Babcock & Wilcox Constr. Co.,* 913 S.W.2d 467, 468 (Tex.1995).

■ Based on the language of the point of error, we assume that Burton is arguing that the trial court should have applied the reinstatement standard set forth in Rule 165a(3) when deciding whether to reinstate the case.[5] According to this rule, the court shall reinstate the case upon finding after a hearing that the failure of the party or his attorney was not intentional or the result of conscious indifference but was due to an accident or mistake or that the failure had been otherwise reasonably explained. *See* Tex.R. Civ. P. 165a(3). However, appellate courts have held that this rule applies only to dismissals for failure to appear at trial or other hearing and does not apply to cases dismissed for failure to proceed. *See Clark v. Yarbrough,* 900 S.W.2d 406, 408–409 (Tex.App.—Texarkana 1995, writ denied) (reinstatement provision of Rule 165a(3) applies only to dismissals for failure to appear at trial or a hearing); *Eustice,* 827 S.W.2d at 14 (Rule165a(3) is applicable only to cases dismissed for want of prosecution because of failure of an attorney or party to appear for trial); *Goff v. Branch,* 821 S.W.2d 732, 733 (Tex.App.—San Antonio 1991, writ denied) (reinstatement provision of Rule 165a only governs cases dismissed because of failure of party to appear or make an announcement); *Ozuna v. Southwest Bio-Clinical Lab.,* 766 S.W.2d 900, 903 (Tex. App.—San Antonio 1989, writ denied) (reinstatement provision applies solely to dismissals for failure to appear at trial or other hearing). We are inclined to follow this approach. Since we previously have concluded that Burton's case was dismissed for want of prosecution due to failure to proceed, the reinstatement provision of 165a(3) pertaining to cases dismissed for failure to appear does not apply.

■ Moreover, Burton had knowledge that the trial settings conflicted yet waited until the Friday afternoon before the Monday setting to take action. Even then, the action taken hinged on the presumption that the trial court would grant a last minute continuance. Despite the likelihood that the trial court would deny the continuance, the attorney did not prepare his associate to pursue the case. Furthermore, the parties represented in briefs and at oral argument that Burton had sued the wrong defendant, that appellee was not involved in the car accident made the basis of this action, and that Burton admitted this fact to the trial court in her first motion for continuance. Under these circumstances, we cannot say that the trial court abused its discretion in refusing to reinstate the cause against one having no liability. Burton's second point of error is overruled.

## CONCLUSION

Finding no abuse of discretion in the trial court's ruling, we overrule both points of error. The order of the trial court is affirmed.

hearing on appellant's joint motion for reconsideration and reinstatement.

5. Appellant's reliance on *Smith v. Babcock & Wilcox Constr. Co.,* 913 S.W.2d 467 (Tex.1995), further supports this interpretation. In *Babcock,* the supreme court addressed the issue of whether a trial court abused its discretion in failing to reinstate a case in which the plaintiffs' attorney failed to appear for trial. While similar, this case is distinguishable on its facts because it involved a dismissal for failure to appear and not a dismissal for failure to proceed.