TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-97-00794-CV






Bob Barstow, Appellant




v.




Travis County and Lower Colorado River Authority, Appellees







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 345TH JUDICIAL DISTRICT


NO. 422,554, HONORABLE JOSEPH H. HART, JUDGE PRESIDING







 Appellant Bob Barstow appeals from an order dismissing this case for want of
prosecution. Appellee Travis County ("the County") originally filed suit seeking a temporary
restraining order and an injunction against Barstow to prevent him from erecting a stop sign in a
location the County alleged created a safety hazard to motorists on a nearby public thoroughfare. 
Barstow asserted counterclaims against the County and, several years later, brought appellee
Lower Colorado River Authority ("LCRA") into the suit as a third-party defendant. The trial
court eventually dismissed the case for want of prosecution. On appeal, Barstow complains that
the trial court abused its discretion in dismissing the case. We will affirm the trial court's order.


FACTUAL AND PROCEDURAL BACKGROUND


 This case is apparently one of several in the long history of litigation between the 
County, aligned with the LCRA, and Barstow, involving various disputes over land located on the
Lake Travis Reservoir in Travis County, Texas.

 The County filed this suit against Barstow in 1987, complaining that Barstow had
erected a stop sign on his land in a manner that disrupted the flow of traffic and caused safety
hazards on an adjacent public road. The County requested and was granted a temporary injunction
enjoining Barstow from maintaining any traffic control device alongside the public road. In turn,
Barstow filed counterclaims requesting the court to enjoin the County from pursuing criminal
charges against him for displaying an unlawful sign.

 Other than a few deposition notices sent by Barstow in 1988, a motion to quash in
response, and an amended counterclaim filed by Barstow that same year and then amended again
in 1989, this case suffered from almost total inactivity until 1994. In 1994, Barstow again
amended his counterclaims and also added the LCRA as a third-party defendant. Thereafter, the
case again became essentially dormant until 1996, when the trial court sent notice to the parties
that the case would be dismissed for want of prosecution unless one of the parties filed a motion
to retain. Barstow filed the required motion, which was granted, in part because Barstow had
recently obtained new counsel. Although the case had narrowly escaped dismissal, the record
shows that all parties again failed to pursue the litigation for over a year, at which time the County
filed a motion to dismiss Barstow's counterclaims and his third-party claims against the LCRA. 
In its motion, the County stated that it would voluntarily dismiss all of its own claims against
Barstow upon the dismissal of Barstow's claims. After a hearing, the trial court granted the
County's motion; the order stated that the court was "dismissing this case for want of
prosecution." (1) Barstow requested reinstatement of his counterclaims, which was denied. It is
from the order dismissing the case that Barstow appeals to this Court.


DISCUSSION


 Although Barstow presents two issues on appeal, the crux of his complaint is that
the trial court abused its discretion in dismissing the case for want of prosecution. While it is not
made clear by the issues presented, we assume, based on the language in Barstow's brief, that he
appeals the trial court's failure to reinstate as well.

 A trial court has the inherent power to dismiss a lawsuit for failure to prosecute
with due diligence. (2) See State v. Rotello, 671 S.W.2d 507, 508-09 (Tex. 1984); Veterans' Land
Bd. v. Williams, 543 S.W.2d 89, 90 (Tex. 1976). In fact, this inherent power has been
characterized as one of the fundamental powers a trial court possesses. See Bevil v. Johnson, 307
S.W.2d 85, 87 (Tex. 1957); Miller v. Kossey, 802 S.W.2d 873, 877 (Tex. App.--Amarillo 1991,
writ denied). The power to dismiss for failure to diligently prosecute a case is subject to review
under the abuse of discretion standard. See MacGregor v. Rich, 941 S.W.2d 74, 75 (Tex. 1997);
Burton v. Hoffman, 959 S.W.2d 351, 353 (Tex. App.--Austin 1998, no pet.).

 A trial court abuses its discretion only when it acts in an unreasonable and arbitrary
manner, or when it acts without reference to any guiding principles. Beaumont Bank, N.A. v.
Buller, 806 S.W.2d 223, 226 (Tex. 1991); Downer v. Aquamarine Operators, Inc., 701 S.W.2d
238, 241-42 (Tex. 1985), cert. denied, 476 U.S. 1159 (1986). This Court may not reverse for
abuse of discretion merely because we disagree with a decision of the trial court. Buller, 806
S.W.2d at 226; Downer, 701 S.W.2d at 242.

 In determining whether to dismiss a case for failure to prosecute with due diligence,
the trial court "may consider the entire history of the case, including the length of time the case
was on file, the amount of activity in the case, the request for a trial setting, and the existence of
reasonable excuses for delay." City of Houston v. Thomas, 838 S.W.2d 296, 297 (Tex. App.--
Houston [1st Dist.] 1992, no writ); see also Rotello, 671 S.W.2d at 509. No single factor will
be considered dispositive. Thomas, 838 S.W.2d at 297.

 Here, the record shows that this case was pending for over ten years. During that
time, there was very little activity by any party. There is no indication in the record that any party
ever requested a trial setting. The parties allowed this case to languish with only minimal activity
from its inception in 1986 to 1988. The record is void of any meaningful activity whatsoever from
1989 to 1993, a full five years. In 1994, Barstow filed his third-party action against the LCRA,
but then did not conduct any discovery or file any motions in pursuit of his claims against either
the LCRA or the County. Similarly, neither the County nor the LCRA engaged in any discovery
after the 1994 filing of the third-party claim. Instead, this case again remained dormant for two
more years until the trial court announced in 1996 that it would dismiss the case for want of
prosecution unless one of the parties filed a motion to retain. Even after the trial court agreed to
retain the case on Barstow's motion, the parties still did nothing. Finally, in 1997, the County
filed a motion to dismiss Barstow's counterclaims and third-party claims against the LCRA, stating
that if the motion was granted, all claims against Barstow would be voluntarily dismissed.

 On numerous occasions, appellate courts have found no abuse of discretion in a trial
court's dismissing a cause for want of prosecution for a period of inactivity much less than the ten
years at issue here. See, e.g., Thomas, 838 S.W.2d at 298 (case pending without activity or
reasonable excuse for only one year); Brim Laundry Mach. Co. v. Washex Mach. Corp., 854
S.W.2d 297 (Tex. App.--Fort Worth 1993, writ denied) (case pending for four years, but
discovery had only been halted for the prior six months); Bard v. Frank B. Hall & Co., 767
S.W.2d 839 (Tex. App.--San Antonio 1989, writ denied) (substantial activity in first thirty months
after filing, but case dormant for eight months prior to dismissal). Given the length of time the
instant case remained on the trial court's docket with virtually no movement toward trial, we
cannot say the court abused its discretion in dismissing the case for failure to diligently prosecute.

 Moreover, Barstow presents no valid excuses for his failure to proceed with his
counterclaims and third-party claims. Barstow sets forth four reasons for his lack of diligence:
(1) ongoing settlement negotiations between himself and the County; (2) difficulty in obtaining
legal counsel; (3) his suffering from severe depression; and (4) the opposing parties' failure to
proceed with their cases. None of these explanations is legally sufficient to show an abuse of
discretion by the trial court.

 Settlement activity does not excuse failure to prosecute diligently. F.D.I.C. v.
Kendrick, 897 S.W.2d 476, 481-82 (Tex. App.--Amarillo 1995, no writ); Texas Soc'y.,
Daughters of the Am. Revolution, Inc. v. Estate of Hubbard, 768 S.W.2d 858, 860 (Tex.
App.--Texarkana 1989, no writ). Similarly, the failure of the opposing party to proceed with its
claims does not relieve the burden of diligent prosecution. F.D.I.C., 897 S.W.2d at 481-82; Texas
Soc'y., 768 S.W.2d at 860. As to Barstow's claim that he lacked legal counsel, the record shows
that he was represented during nine of the ten years this case was pending in the trial court. 
Finally, the only evidence in the record as to Barstow's depression is contained in his own
affidavit. The affidavit does not show the dates of his depression or how his condition rendered
him medically unable to pursue this litigation. At best, the evidence shows that Barstow suffered
from a bout of depression beginning in 1992. This does not excuse the minimal action taken in
this suit from 1987 to 1992, and from whenever he began treatment until the present. 
Accordingly, Barstow has not shown that the trial court abused its discretion in dismissing this
case.

 Barstow also complains that the trial court abused its discretion in denying his
motion to reinstate the case after its dismissal. The grant or denial of a motion to reinstate is
within the sound discretion of the trial court. See Burton, 959 S.W.2d at 354. In determining
whether to reinstate, the trial court may consider the entire history of the proceeding. Id. Review
of the trial court's determination is limited to an abuse of discretion determination. Smith v.
Babcock & Wilcox Constr. Co., 913 S.W.2d 467, 468 (Tex. 1995); Burton, 959 S.W.2d at 354.

 Barstow argues that under Texas Rule of Civil Procedure 165a, the trial court must
reinstate a case dismissed for want of prosecution if a party shows the failure to prosecute was not
intentional or the result of conscious indifference, but was due to an accident or mistake, or that
the delay can otherwise be explained. Tex. R. Civ. P. 165a(3). Barstow avers that because he
offered a reasonable explanation for his failure to go forth with his claims, the trial court abused
its discretion in not reinstating the case. We disagree.

 As this Court has recently stated, Rule 165a(3) applies only to dismissals for failure
to appear at trial or some other hearing. Burton, 959 S.W.2d at 354; see also Clark v. Yarbrough,
900 S.W.2d 406, 408-09 (Tex. App.--Texarkana 1995, writ denied); Eustice v. Grandy's, 827
S.W.2d 12, 14 (Tex. App.--Dallas 1992, no writ). It does not apply to dismissal of cases for
general failure to proceed with the prosecution of claims. Burton, 959 S.W.2d at 354. Because
the trial court did not specify whether its dismissal was based on failure to appear or general
failure to proceed, we must affirm on the basis of any legal theory supported by the record. Point
Lookout West, Inc. v. Whorton, 742 S.W.2d 277, 278-79 (Tex. 1987); Ozuna v. Southwest Bio-Clinical Lab., 766 S.W.2d 900, 901 (Tex. App.--San Antonio 1989, writ denied). Nothing in
the record shows that Barstow failed to appear at any hearing or trial; however, the record clearly
shows his failure to prosecute his claims. We must conclude that the basis for the trial court's
ruling was failure to proceed. Because the case was not dismissed due to failure to appear,
Barstow's reliance on Rule 165a(3) is misplaced; the reinstatement provisions of 165a(3) simply
do not apply. Considering the entire history of this case and the length of time it languished on
the trial court's docket, we cannot say the court abused its discretion in denying Barstow's request
for reinstatement.


CONCLUSION


 Finding no abuse of discretion in the trial court's ruling, we affirm the court's
dismissal of this case for want of prosecution.



 

 J. Woodfin Jones, Justice

Before Chief Justice Yeakel, Justices Jones and B. A. Smith

Affirmed

Filed: October 1, 1998

Do Not Publish

1. Appellant's Brief states that the order disposed only of his counterclaims and third-party
claims, leaving the County's claims intact. At oral argument, however, Barstow agreed with the
County and the LCRA that the order disposed of the entire case. Because of this agreement, and
because the relevant language in the order states that it is "dismissing this case," we treat the order
as final as to all causes of action maintained by all parties.
2. In addition to the inherent power of a trial court to dismiss a case for failure to diligently
prosecute it, Texas Rule of Civil Procedure 165a(2) also provides authority for a trial court to
dismiss a case when it is not disposed of within the time standards promulgated by the supreme
court under its Administrative Rules.

, 897 S.W.2d at 481-82; Texas
Soc'y., 768 S.W.2d at 860. As to Barstow's claim that he lacked legal counsel, the record shows
that he was represented during nine of the ten years this case was pending in the trial court. 
Finally, the only evidence in the record as to Barstow's depression is contained in his own
affidavit. The affidavit does not show the dates of his depression or how his condition rendered
him medically unable to pursue this litigation. At best, the evidence shows that Barstow suffered
from a bout of depression beginning in 1992. This does not excuse the minimal action taken in
this suit from 1987 to 1992, and from whenever he began treatment until the present. 
Accordingly, Barstow has not shown that the trial court abused its discretion in dismissing this
case.

 Barstow also complains that the trial court abused its discretion in denying his
motion to reinstate the case after its dismissal. The grant or denial of a motion to reinstate is
within the sound discretion of the trial court. See Burton, 959 S.W.2d at 354. In determining
whether to reinstate, the trial court may consider the entire history of the proceeding. Id. Review
of the trial court's determination is limited to an abuse of discretion determination. Smith v.
Babcock & Wilcox Constr. Co., 913 S.W.2d 467, 468 (Tex. 1995); Burton, 959 S.W.2d at 354.

 Barstow argues that under Texas Rule of Civil Procedure 165a, the trial court must
reinstate a case dismissed for want of prosecution if a party shows the failure to prosecute was not
intentional or the result of conscious indifference, but was due to an accident or mistake, or that
the delay can otherwise be explained. Tex. R. Civ. P. 165a(3). Barstow avers that because he
offered a reasonable explanation for his failure to go forth with his claims, the trial court abused
its discretion in not reinstating the case. We disagree.

 As this Court has recently stated, Rule 165a(3) applies only to dismissals for failure
to appear at trial or some other hearing. Burton, 959 S.W.2d at 354; see also Clark v. Yarbrough,
900 S.W.2d 406, 408-09 (Tex. App.--Texarkana 1995, writ denied); Eustice v. Grandy's, 827
S.W.2d 12, 14 (Tex. App.--Dallas 1992, no writ). It does not apply to dismissal of cases for
general failure to proceed with the prosecution of claims. Burton, 959 S.W.2d at 354. Because
the trial court did not specify whether its dismissal was based on failure to appear or general
failure to proceed, we must affirm on the basis of any legal theory supported by the record. Point
Lookout West, Inc. v. Whorton, 742 S.W.2d 277, 278-79 (Tex. 1987); Ozuna v. Southwest Bio-Clinical Lab., 766 S.W.2d 900, 901 (Tex. App.--San Antonio 1989, writ denied). Nothing in
the record shows that Barstow failed to appear at any hearing or trial; however, the record clearly
shows his failure to prosecute his claims. We must conclude that the basis for the trial court's
ruling was failure to proceed. Because the case was not dismissed due to failure to appear,
Barstow's reliance on Rule 165a(3) is misplaced; the reinstatement provisions of 165a(3) simply
do not apply. Considering the entire history of this case and the length of time it languished on
the trial court's docket, we cannot say the court abused its discretion in denying Barstow's request
for reinstatement.


CONCLUSION


 Finding no abuse of discretion in the trial court's ruling, we affirm the court's
dismissal of this case for want of prosecution.



 

 J. Woodfin Jones, Justice

Before Chief Justice Yeakel, Justices Jones and B. A. Smith

Affirmed

Filed: October 1, 1998

Do Not Publish

1. Appellant's Brief states that the order disposed only of his counterclaims and third-party
claims, leaving the County's claims intact. At oral argument, however, Barstow agreed with the
County and the LCRA that the order disposed of the entire case. Because of this agreement, and
because the relevant language in the order states that it is "dismissing this case," we treat the order
as final as to all causes of action maintained by all parties.
2. In addition to the inherent power of a trial court to dismiss a case for failure to diligently
prosecute it, Texas Rule of Civil Proced