TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-00-00582-CV







Carlos Trevino, Appellant




v.




Employers' Casualty Company, in Receivership; Texas Property and Casualty


Insurance Guaranty Association, Appellees







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 201ST JUDICIAL DISTRICT


NO. 95-10608, HONORABLE JOSEPH H. HART, JUDGE PRESIDING







 Carlos Trevino challenges the district court's dismissal of his suit for want of
prosecution. We will affirm the judgment.

 Trevino filed suit against Employers' Casualty Company ("ECC") in Andrews County
on August 3, 1993. ECC filed its original answer on August 20, 1993. On February 25, 1994, Texas
Property and Casualty Insurance Guaranty Association filed a notice of stay due to the company's
being designated an impaired insurer. This stay was effective for "six months and any additional
time thereafter as may be determined by the court." See Tex. Ins. Code Ann. art. 21.28-C, §17 (West
Supp. 2001). The stay was effective initially until July 6, 1994, and was extended once. (1) Venue was
transferred to Travis County on June 12, 1995.

 Other than some depositions in 1996 noted in the docket sheet, the next activity in
the case related to the dismissal of the case for want of prosecution. The court considered this case
and others on March 13, 2000, then signed an order on April 3, 2000 dismissing the cases because
they had been pending "for a period of time in excess of the standards set forth in Rule 6 of the
Texas Rules of Judicial Administration and the Local Rules of Civil Procedure for the Travis County
District Courts."

 The April 3, 2000 dismissal is filed in the clerk's record just before Trevino's motion
to retain, which is file-stamped April 5, 2000 but has a March 8, 2000 file-stamp mark struck
through. (The docketing statement indicates that the parties were informed by letter dated April 4,
2000 that the court overruled the motion to retain.) That motion to retain is followed by Trevino's
motion to reinstate, filed April 25, 2000. Trevino states in these pleadings that he thought the trial
was stayed by the company being placed in receivership; by the motion to reinstate, he concedes that
his belief was mistaken.

 The district court denied his motion to reinstate on May 25, 2000.

 Trevino raises the following issue on appeal:


 The trial court's initial notice stated that this cause would be dismissed unless a
motion to retain was filed. Appellant filed a motion to retain, which was marked
"filed" by the District Clerk on March 8, 2000. That filed stamp was subsequently
crossed out and the motion to retain was not filed until April 5, 2000, several days
after the due date and two days after the dismissal order was signed. Was the
dismissal of this suit proper under these circumstances?


The court's notice of intent to dismiss stated, "The above cause will be dismissed for want of
prosecution on the court's motion on the 13th day of March, 2000, at 1:45 p.m. in said court, unless
a motion to retain is filed prior to that date." Trevino seems to contend that this notice authorized
dismissal only for failure to file a motion to retain. Trevino contends that the striking through of the
original March 8, 2000 file stamp and the unblemished April 5, 2000 file stamp means that the
motion to retain was not before the district court when it considered the dismissal docket on March
13, 2000. Thus, he argues, the clerk's failure to file the motion caused the district court to dismiss
the case on the mistaken belief that he had not filed a motion to retain.

 We conclude that the file-stamp date dispute is irrelevant to the disposition of this
appeal. Regardless of whether the motion to retain was before the district court on March 13 or
April 3 when it considered whether to dismiss the case, the motion was undisputedly filed and before
the court when it considered the motion to reinstate on May 25, 2000. The hearing on the motion
to reinstate while the court had full control of its judgment cured any harm from any irregularities
in the file-stamping. See Jimenez v. Transwestern Prop. Co., 999 S.W.2d 125, 128-29 (Tex.
App.--Houston 14th Dist. 1999, no pet.); Clark v. Yarbrough, 900 S.W.2d 406, 409 (Tex.
App.--Texarkana 1995, writ denied). We are left to consider whether the court's refusal to reinstate
the case was proper.

 We review the district court's refusal to reinstate a case for an abuse of discretion. 
Smith v. Babcock & Wilcox Constr. Co., 913 S.W.2d 467, 468 (Tex. 1995); Jimenez, 999 S.W.2d
at 129. To determine whether there is an abuse of discretion, the reviewing court must determine
whether the trial court acted without reference to any guiding rules and principles. See Morrow v.
H.E.B., Inc., 714 S.W.2d 297, 298 (Tex. 1986). The party requesting reinstatement must bring forth
a record establishing that reinstatement was required. See Jimenez, 999 S.W.2d at 130; Kenley v.
Quintana Petroleum Corp., 931 S.W.2d 318, 321 (Tex. App.--San Antonio 1996, writ denied). 
Because Trevino's suit was not dismissed for his failure to appear, the reinstatement provisions of
Rule of Civil Procedure 165a(3) do not apply; thus that rule's excuse for delays that are not
intentional or due to conscious indifference but to accident or mistake do not apply. See Burton v.
Hoffman, 959 S.W.2d 351, 353-54 (Tex. App.--Austin 1998, no pet.); see also Maida v. Fire Ins.
Exchange, 990 S.W.2d 836, 840-41 (Tex. App.--Fort Worth 1999, no writ); but see Rampart
Capital Corp. v. Maguire, 1 S.W.3d 106, 107 (Tex. 1999) (dissent to denial of petition) (standard
of proof for dismissed party should be same regardless of whether case dismissed under Rule 165a
or court's inherent power). We consider the entire history of the proceeding in determining whether
the action should have been reinstated. See Burton, 959 S.W.2d at 353-54. We can consider the
length of time the case was on file, the extent of activity in the case, whether a trial setting was
requested, and the existence of reasonable excuses for delay. See Maida, 990 S.W.2d at 842. A
belated trial setting or stated readiness to proceed to trial, however, does not conclusively establish
diligence. Coven v. Heatley, 715 S.W.2d 739, 741 (Tex. App.--Austin 1986, writ ref'd n.r.e.); see
also Scoville v. Shaffer, 9 S.W.3d 201, 204 (Tex. App.--San Antonio 1999, no writ).

 We conclude that the district court did not abuse its discretion by dismissing this case
for want of prosecution. Under the supreme court's guidelines, the longest period for non-family
civil cases to pend is eighteen months. See Tex. R. Jud. Admin. 6(b), reprinted in Tex. Gov't Code
Ann., tit. 2, subtit. F app. (West 1998). Travis County district court rules make eligible for dismissal
any civil case that has been on file for more than eighteen months, is not set for trial, and has had no
filings or settings within 180 days. Travis (Tex.) Civ. Dist. Ct. Loc. R. 11.2. This case has been
pending for more than seven years, about six of which have been in Travis County. There was no
activity after a deposition in late 1996 until the notice of intent to dismiss in January 2000. Trevino
did not pursue his suit despite the fact that the language of the notices of stay that stated that the stay
was limited in duration. The original stay continued only "until July 6, 1994, or until further order
of the receivership court." The only indication in the record is that the supplemental stay was limited
in duration; Trevino did not show otherwise. Trevino did not pursue the cause even though he
participated in depositions initiated and taken by appellee after the stays were imposed (and lifted
by their own terms) and after the cause was transferred to Travis County. The district court acted
within its discretion by deciding that Trevino's explanations for his inaction did not excuse his
failure to prosecute this case.

 Finding no abuse of discretion in the district court's refusal to reinstate this case, we
conclude that any error in the original dismissal caused by the disputed file-stamp was harmless. We
resolve the sole issue on appeal against Trevino and affirm the dismissal for want of prosecution.



 

 Marilyn Aboussie, Chief Justice

Before Chief Justice Marilyn Aboussie, Justices Yeakel and Patterson

Affirmed

Filed: May 17, 2001

Do Not Publish

1. The extent of the extension is unclear from the clerk's record. The supplemental notice of stay
in the Andrews County court, filed July 15, 1994, referred to an attached order from the Travis
County receivership court. The Travis County order, signed June 24, 1994, was apparently printed
on both sides of the page, but only alternate pages were copied and attached to the Andrews County
supplemental notice. The portion of the Travis County order addressing cases involving ECC was
apparently on the unattached even-numbered pages. The attached odd-numbered pages extended
stays in other listed cases only until January 18, 1995 at the latest; the stay would be lifted "as a
matter of law pursuant to Art. 21.28-C of the Texas Insurance Code absent some compelling reason
warranting further extension." There is no indication whether Trevino's case was stayed indefinitely.


 reinstatement provisions of
Rule of Civil Procedure 165a(3) do not apply; thus that rule's excuse for delays that are not
intentional or due to conscious indifference but to accident or mistake do not apply. See Burton v.
Hoffman, 959 S.W.2d 351, 353-54 (Tex. App.--Austin 1998, no pet.); see also Maida v. Fire Ins.
Exchange, 990 S.W.2d 836, 840-41 (Tex. App.--Fort Worth 1999, no writ); but see Rampart
Capital Corp. v. Maguire, 1 S.W.3d 106, 107 (Tex. 1999) (dissent to denial of petition) (standard
of proof for dismissed party should be same regardless of whether case dismissed under Rule 165a
or court's inherent power). We consider the entire history of the proceeding in determining whether
the action should have been reinstated. See Burton, 959 S.W.2d at 353-54. We can consider the
length of time the case was on file, the extent of activity in the case, whether a trial setting was
requested, and the existence of reasonable excuses for delay. See Maida, 990 S.W.2d at 842. A
belated trial setting or stated readiness to proceed to trial, however, does not conclusively establish
diligence. Coven v. Heatley, 715 S.W.2d 739, 741 (Tex. App.--Austin 1986, writ ref'd n.r.e.); see
also Scoville v. Shaffer, 9 S.W.3d 201, 204 (Tex. App.--San Antonio 1999, no writ).

 We conclude that the district court did not abuse its discretion by dismissing this case
for want of prosecution. Under the supreme court's guidelines, the longest period for non-family
civil cases to pend is eighteen months. See Tex. R. Jud. Admin. 6(b), reprinted in Tex. Gov't Code
Ann., tit. 2, subtit. F app. (West 1998). Travis County district court rules make eligible for dismissal
any civil case that has been on file for more than eighteen months, is not set for trial, and has had no
filings or settings within 180 days. Travis (Tex.) Civ. Dist. Ct. Loc. R. 11.2. This case has been
pending for more than seven years, about six of which have been in Travis County. There was no
activity after a deposition in late 1996 until the notice of intent to dismiss in January 2000. Trevino
did not pursue his suit despite the fact that the language of the notices of stay that stated that the stay
was limited in duration. The original stay continued only "until July 6, 1994, or until further order
of the receivership court." The only indication in the record is that the supplemental stay was limited
in duration; Trevino did not show otherwise. Trevino did not pursue the cause even though he
participated in depositions initiated and taken by appellee after the stays were imposed (and lifted
by their own terms) and after the cause was transferred to Travis County. The district court acted
within its discretion by deciding that Trevino's explanations for his inaction did not excuse his
failure to prosecute this case.

 Finding no abuse of discretion in the district court's refusal to reinstate this case, we
conclude that any error in the original dismissal caused by the disputed file-stamp was harmless. We
resolve the sole issue on appeal against Trevino and affirm the dismissal for want of prosecution.