# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-02-00506-CV

**Vicki Cross and James Cross, Appellants**

**v.**

**Dow AgroSciences LLC, Appellee**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 261ST JUDICIAL DISTRICT
## NO. 95-08624, HONORABLE JOHN K. DIETZ, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Vicki Cross and James Cross appeal from the dismissal of their suit against Dow AgroSciences LLC for want of prosecution. They contend that the dismissal violated their right to due process because they did not receive notice of the court's intention to dismiss. They further argue that the court should have reinstated their case because they did not receive notice of the dismissal and because they have a valid claim on the merits. We will affirm the dismissal.

## BACKGROUND

On July 7, 1995, Vicki Cross sued several parties for injuries she contends resulted from the application of pesticides in her workplace. Among the defendants was Dow AgroSciences LLC, formerly known as DowElanco. The claims against other defendants were settled, nonsuited,

or otherwise finally disposed of by December 1999.[1] The case then lay dormant for more than two years. After sending notice of impending dismissal to appellants' counsel's last known address and receiving no response, the district court dismissed the remaining claims for want of prosecution on May 7, 2002.

Appellants filed a motion for new trial on June 5, 2002. Appellants stated that they had informed their counsel they did not want him to pursue the case any more; counsel assumed they intended to obtain other counsel, but he did not attempt to withdraw as their representative, nor did appellants obtain other counsel or dismiss their suit. Appellants alleged that, after a wait of more than two years, they told their counsel to resume pursuit of their case. (Appellants explained that this vacillation was symptomatic of the medical condition caused by the pesticides.) According to appellants, "just a few days prior to the filing of the Motion For New Trial," their counsel's secretary called the district court's case manager and learned that the case was still pending. Appellants said that counsel's secretary provided the clerk's office with counsel's current address—which had changed since they last participated in the case. A few days later, on June 3, 2002, they received notice that the cause had been dismissed on May 7 for want of prosecution.

Appellants timely filed a motion for new trial. They asserted that they had not previously received notice of either the dismissal hearing or the dismissal itself. Appellants also

---

[1] Dow Chemical Company obtained a summary judgment against appellants' claims, and the court severed those claims from the remaining claims in the lawsuit. Thus, the suit against Dow Chemical Company is final, and Dow Chemical Company is not a party to this appeal.

noted that a dismissal would end their ability to pursue their claims because the statute of limitation had expired. They contended that the cause would take only six months to prepare for trial. The court denied the motion without stating a basis therefor.

## DISCUSSION

Appellants raise two issues on appeal. They contend that the district court's failure to provide them notice of the intent to dismiss and the court's provision of notice of the dismissal 28 days after the order was signed constitute a deprivation of due process. They contend that their reasonable explanation for their thirty-one months of inactivity required reinstatement of this case.

We review a dismissal for want of prosecution under a clear abuse of discretion standard; the central issue is whether the plaintiffs exercised reasonable diligence. *MacGregor v. Rich*, 941 S.W.2d 74, 75 (Tex. 1997). The plaintiffs are entitled to notice of the intent to dismiss and of the time and place of the dismissal hearing; failure to provide that notice requires reversal. *Villarreal v. San Antonio Truck & Equip.*, 994 S.W.2d 628, 630 (Tex. 1999); *see also General Elec. Co. v. Falcon Ridge Apartments, Joint Venture*, 811 S.W.2d 942, 943 (Tex. 1991); *State v. Rotello*, 671 S.W.2d 507, 508-09 (Tex. 1984).

Appellants complain that they received no notice of the intent to dismiss or of the dismissal hearing, and did not learn of the dismissal until four weeks after it occurred by notice mailed on May 30, 2002. By contrast, appellee received notice of the intention to dismiss and of the May 6 hearing by notice dated March 13, 2002, and received notice of the May 7 dismissal by notice dated May 16, 2002. This contrast is plausibly explained by appellants' failure to keep the district

3

court apprised of their address for notice. Appellants admitted in their motion for new trial that they told their attorney not to pursue the case, and he obeyed. During the more than two years the case lay dormant, appellants' attorney moved without apprising the district court until appellants instructed him to resume pursuing the claims. Moving was not an unusual occurrence for appellants' counsel; appellants point out in their brief that the docket sheet reveals four previous addresses for appellants' counsel during the active four-and-a-half years of this case. The clerk's office is not required to actively seek out the current addresses of attorneys. Rather, "an attorney in charge is responsible for notifying the court and opposing counsel of any change in his address immediately and certainly before any address forwarding order has expired." *Withrow v. Schou*, 13 S.W.3d 37, 41 (Tex. App.—Houston [14th Dist.] 1999, pet. denied); *see also* Tex. R. Civ. P. 8, 21a. Appellants instructed their attorney not to pursue the cause, did not tell him to withdraw as counsel, and did not provide an alternate address for the court to provide notice. Appellants' complaint of lack of notice is defeated by their own lack of diligence.

Similarly, the dismissal is supported by appellants' directives and inaction. The dismissal order does not state a basis, but is supported by objective measures set out in relevant rules. The supreme court's guidelines indicate that courts should try to dispose of civil cases within 18 months of appearance date. Tex. R. Jud. Admin. 6(b), *reprinted in* Tex. Gov't Code Ann., tit. 2, subtit. F app. (West 1998). The Travis County district courts' local rules mark for dismissal cases that have been on file for more than 18 months, that are not set for trial, and that have had no action or settings for 180 days. Travis (Tex.) Civ. Dist. Ct. Loc. R. 11.1(b). When this cause was dismissed, it had been on file for 82 months, there was no trial setting, and there had been no filing

4

or action for more than 800 days. Although appellants tried to resume prosecuting the case weeks after the court had dismissed it, they had abandoned the cause at the time the court dismissed it. The district court did not abuse its discretion by dismissing the abandoned cause for want of prosecution.

The remaining issue is whether the district court erred by declining to reinstate the case once appellants showed a renewed desire to pursue their claims. Appellants learned of the dismissal in time to challenge it through a motion for new trial, which functioned as a motion to reinstate—a motion that is also subject to the court's discretion. *See Smith v. Babcock & Wilcox Constr. Co.*, 913 S.W.2d 467, 468 (Tex. 1995); *Burton v. Hoffman*, 959 S.W.2d 351, 353-54 (Tex. App.—Austin 1998, no pet.). When a cause is dismissed under the Texas Rules of Civil Procedure, "[t]he court shall reinstate the case upon finding after a hearing that the failure of the party or his attorney was not intentional or the result of conscious indifference but was due to an accident or mistake or that the failure has been otherwise reasonably explained." Tex. R. Civ. P. 165a(3). We do not know what evidence or arguments were introduced at the hearing on the motion for new trial because there is no reporter's record in the appellate record. According to appellants' own motion, their failure to prosecute the case for more than two years was intentional, not accidental or mistaken. Only after the case was dismissed (apparently unbeknownst to appellants) did appellants decide they would once again like to pursue their claims. Appellants filed a timely motion for new trial and explained that the pesticide-induced condition from which Vicki Cross suffers causes her to have difficulty making decisions; the motion does not explain the effect of appellant Vicki Cross's condition on appellant James Cross's decision-making.

5

This case is not controlled by cases in which other appellate courts have reversed trial courts who refused to reinstate causes dismissed for want of prosecution. This is not a case in which the district court dismissed and refused to reinstate a suit by a plaintiff who announced ready for trial. *See NASA 1 Bus. Ctr. v. American Nat'l Ins. Co.*, 747 S.W.2d 36, 38 (Tex. App.—Houston [1st Dist.] 1988, writ denied). Appellants in this case estimate that they would be ready for trial in another six months, despite having had more than seven years to prepare. This is not a suit in which the plaintiff's failure to appear is reasonably explained by mistake or accident. *See Smith*, 913 S.W.2d at 467-68 (plaintiff's counsel was in trial in another county and believed the dismissing court would grant continuance). Appellants admit in their brief that they directed their counsel not to pursue the cause for two-and-a-half years, did not substitute counsel, and did not remove him as their representative; they also admit that their attorney did not provide his current address until after the court had dismissed their case.

Based on the appellants' deliberate inaction for more than 30 of the 82 months the case was pending, we conclude that the district court did not abuse its discretion by declining to reinstate this case.

**CONCLUSION**

This case presents an undisputed, intentional failure by appellants to prosecute their claim. By their own admission, appellants failed to prosecute this cause for a longer period (30 months) than the length of time that the supreme court recommends that civil jury cases take to resolve (18 months). Having determined that the district court did not abuse its discretion either by

dismissing appellants' cause for want of prosecution or by declining to reinstate it, we affirm the dismissal for want of prosecution.

_____

David Puryear, Justice

Before Chief Justice Law, Justices B. A. Smith and Puryear

Affirmed

Filed:   October 23, 2003