# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-02-00645-CV

**Dorena Harrison and Tina R. Joseph, Appellants**

**v.**

**The City of New Braunfels, Appellee**

## FROM THE DISTRICT COURT OF COMAL COUNTY, 274TH JUDICIAL DISTRICT
## NO. C95-852C, HONORABLE CHARLES RAMSAY, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellants Dorena Harrison and Tina R. Joseph appeal from the dismissal of their cause for want of prosecution. In two issues on appeal, they contend that the court erred in dismissing the cause and in denying reinstatement. We will affirm the trial court's judgment.

### Factual and Procedural Background

This case was filed in October 1995, based on an accident that occurred in January 1994. The trial court granted appellee's motion for summary judgment based on official and governmental immunity in May 1997. On appeal, this Court reversed the summary judgment and remanded for further proceedings on February 26, 1998. Appellee New Braunfels' petition for review to the Texas Supreme Court was denied August 25, 1998; the mandate in the case issued October 26, 1998. At some point, the case was set for trial on March 6, 2000. However, appellants

did not name their expert witness until February 7, 2000, twenty-eight days before trial. At the same time, appellants tendered over five hundred pages of medical documentation. Appellee filed a motion for sanctions. After a hearing on March 2, appellants' expert was struck and their requested continuance was granted. On October 27, 2000, the trial court reset the jury trial for April 17, 2001. On February 27, 2001, appellants filed a motion to reconsider the striking of their expert, but did not set the motion for hearing until March 26, 2001, less than thirty days from trial. On March 26, 2001, the court overruled appellants' motion. After the case was called on April 17, 2001, and voir dire had begun, appellants' counsel asked for a continuance to file an immediate petition for writ of mandamus concerning the sanction order. Over appellee's objection, the court granted the motion and excused the jury panel.

After some fifteen months of inactivity, appellee filed a motion to dismiss for want of prosecution on July 9, 2002, with a hearing set on July 17, 2002. Appellants filed a petition for writ of mandamus concerning the sanctions on July 17, 2002. No stay was granted; the petition for writ of mandamus was overruled. The trial court dismissed the case on July 18, 2002. Appellants filed a verified "Motion for New Trial" seeking reinstatement of the case on August 19, 2002. The court held a hearing and overruled this motion on October 17, 2002.[1] Appellants filed a notice of appeal and motion to extend time to file their notice of appeal on October 17, 2002.

---

[1] Appellants' motion for new trial was timely because the thirtieth day after the judgment was signed was a Saturday. Appellants' motion for new trial was overruled by operation of law on October 1, 2002, seventy-five days after the date of the judgment. *See* Tex. R. Civ. P. 329b(c). The hearing on October 17 was held within the thirty days of the trial court's plenary power that commenced when the motion was overruled by operation of law. *Id.* at (e).

2

## Discussion

### *Dismissal for Want of Prosecution*

In their second issue presented, appellants complain that the trial court erred in dismissing the case for want of prosecution. Appellants argue that the level of activity in the case should have precluded a dismissal for want of prosecution.

A trial court has the inherent power to dismiss a case. *Veterans' Land Bd. v. Williams*, 543 S.W.2d 89, 90 (Tex. 1976); *Burton v. Hoffman*, 959 S.W.2d 351, 353 (Tex. App.—Austin 1998, no pet.). Pursuant to its inherent power, the court may dismiss a lawsuit for failure to prosecute it with due diligence separate and apart from statutory or rule authority. *See Veterans' Land Bd.*, 543 S.W.2d at 90; *McCormick v. Shannon W. Tex. Mem'l Hosp.*, 665 S.W.2d 573, 575 (Tex. App.—Austin 1984, writ ref'd n.r.e.). The court may also dismiss under the authority of Rule 165a, whether for failure to appear at a hearing or trial, or for failing to meet the time standards set by the Texas Supreme Court. *See* Tex. R. Civ. P. 165a.

In determining whether to dismiss a case, the trial court can consider the length of time the case was on file, the extent of activity in the case, the existence of a trial setting, passage of time, periods of inactivity, and reasons for inactivity. *Rainbow Home Health, Inc. v. Schmidt*, 76 S.W.3d 53, 56 (Tex. App.—San Antonio 2002, pet. denied); *Jimenez v. Transwestern Prop. Co.*, 999 S.W.2d 125, 129 (Tex. App.—Houston [14th Dist.] 1999, no pet.). Ordinarily, no single factor is dispositive. *Rainbow Home Health*, 76 S.W.3d at 56; *Jimenez*, 999 S.W.2d at 129. Whether the plaintiff prosecuted the case with diligence is an issue committed to the trial court's sound

3

discretion. *State v. Rotello*, 671 S.W.2d 507, 509 (Tex. 1984); *Dolenz v. Continental Nat'l Bank*, 620 S.W.2d 572, 575-76 (Tex. 1981).

A dismissal for want of prosecution is reviewed using an abuse of discretion standard. *MacGregor v. Rich*, 941 S.W.2d 74, 75 (Tex. 1997); *Veterans' Land Bd.*, 543 S.W.2d at 90. The burden of proof rests on the litigant asserting an abuse of discretion. *Manning v. North*, 82 S.W.3d 706, 709 (Tex. App.—Amarillo 2002, no pet.). There is a presumption that the action of the trial court is justified. *See id.*; *FDIC v. Kendrick*, 897 S.W.2d 476, 479 (Tex. App.—Amarillo 1995, no writ). The mere fact that a trial judge may decide a matter within his discretionary authority in a different manner than an appellate judge in a similar circumstance does not demonstrate that an abuse of discretion has occurred. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985).

The court dismissed the case "for the reasons stated in the motion." Appellees moved to dismiss both under the court's inherent power based on a failure to prosecute the case with due diligence and for violation of time standards. *See* Tex. R. Civ. P. 165a(2); Tex. R. Jud. Admin. 6 (non-family law cases, eighteen months from appearance date). From the time that this case was mandated on appeal and thus returned to the trial court, approximately fifteen months of inactivity passed until appellants designated an expert. Appellants moved for a continuance on March 2, 2000 on the basis of counsel's illness. That continuance was unopposed, and was granted; appellants' expert was struck at the same time. Other than appellants' motion to compel filed April 26, 2000, nothing appears in the record until February 27, 2001, a gap of ten months; then, the activity simply consisted of a motion to *reconsider* the striking of the expert. Then, on April 17, 2001, as voir dire

4

was beginning, appellants' counsel moved for a continuance in order to file an *immediate* petition for writ of mandamus challenging the striking of the expert. The court granted the continuance from the April 17 setting; the court did not, however, stay any trial court proceedings pending the outcome of the petition for writ of mandamus.[2] The petition for writ of mandamus was not filed until July of 2002, some fourteen months after counsel stopped the impaneling of a jury in order to file an *immediate* petition for writ of mandamus, and over two years after the expert was struck as a discovery sanction. The petition was filed only after appellee filed its motion to dismiss for want of prosecution.

At the hearing on the motion to dismiss, appellants asserted that the delay in filing the mandamus was due to problems in getting the record and then to an attorney's leaving the firm.[3] No evidence was offered to support the assertion concerning the record, such as an affidavit from the clerk or court reporter concerning difficulties in preparing the very short record in this case. That reason also seemed directed to the period after the filing of the motion to reconsider, but does not explain the length of time before that motion to reconsider was filed, or why it was filed when it was not a prerequisite to filing a petition for writ of mandamus, which could have been filed immediately after the expert was struck.[4] Further, activity in response to a threat of dismissal will not necessarily

---

[2] This Court granted no stay of the trial court proceedings ancillary to the filing of the petition for writ of mandamus and denied the petition. *See In re Dorena Harrison*, No. 03-02-00441-CV (Tex. App.—Austin August 14, 2002, orig. proceeding) (not designated for publication).

[3] The same lead counsel has represented appellants throughout and is the counsel who made the representation that an immediate petition for writ of mandamus would be filed.

[4] Laches is a basis for denying a petition for writ of mandamus. *Rivercenter Assocs. v. Rivera,* 858 S.W.2d 366, 367 (Tex. 1993) (four months); *Galtex Prop. Investors, Inc. v. City of Galveston*, 113 S.W.3d 922, 926 (Tex. App.—Houston [14th Dist.] 2003, orig. proceeding) (fourteen months);

5

suffice to retain a case on the docket. *See Scoville v. Shaffer*, 9 S.W.3d 201, 204 (Tex. App.—San Antonio 1999, no pet.) (attempt to depose defendant one day before dismissal hearing after three years of inactivity; counsel could not apprise trial court of date when would be ready to proceed with trial); *FDIC v. Kendrick*, 897 S.W.2d 476, 482 (Tex. App.—Amarillo 1995, no pet.) (dismissal for want of prosecution not abuse of discretion when, after considerable discovery and several trial settings, and roughly four months after FDIC's counsel had been advised by court that tentative settlement agreement must be made final, settlement had not been approved by FDIC nor had FDIC taken any further actions to prosecute suit). The trial court was entitled to consider the several long periods of inactivity that had occurred in the case, the lack of explanation for some of the periods of delay, as well as the long-delayed mandamus filing that occurred only after the motion to dismiss was filed. *See Rainbow Home Health*, 79 S.W.3d at 56. Appellants failed to overcome the presumption that the trial court's action was justified. *See Manning*, 82 S.W.3d at 709. The trial court was within its discretion to find that the cause had not been prosecuted with due diligence. We overrule issue two.

### Refusal to Reinstate

The party requesting reinstatement must bring forth a record establishing that reinstatement was required. *Jimenez*, 999 S.W.2d at 130; *Kenley v. Quintana Petroleum Corp.*, 931 S.W.2d 318, 321 (Tex. App.—San Antonio 1996, writ denied). A trial court's denial of a motion to reinstate is reviewed under an abuse of discretion standard. *Smith v. Babcock & Wilcox Constr.*

---

*In re Xeller*, 6 S.W.3d 618, 624 (Tex. App.—Houston [14th Dist.] 1999, orig. proceeding) (sixteen months).

*Co.*, 913 S.W.2d 467, 468 (Tex. 1995); *Burton,* 959 S.W.2d at 354; *Rainbow Home Health*, 76 S.W.3d at 55; *Jimenez*, 999 S.W.2d at 130.

Appellants urge that the applicable standard for reinstatement of the case is that stated in Rule of Civil Procedure 165a(3), that is, a case shall be reinstated upon finding that the failure of the party or his attorney was not intentional or the result of conscious indifference but was due to an accident or mistake or that the failure had been otherwise reasonably explained. *See* Tex. R. Civ. P. 165a(3). However, this rule applies only to dismissals for failure to appear at trial or other hearing and does not apply to cases dismissed for failure to proceed. *Burton*, 959 S.W.2d at 354; *Manning*, 82 S.W.3d at 709; *Rainbow Home Health*, 76 S.W.3d at 55-56; *Clark v. Yarbrough*, 900 S.W.2d 406, 408-09 (Tex. App.—Texarkana 1995, writ denied).[5] This case was not dismissed for a failure to appear.

Assuming that plaintiff's verified motion for new trial functioned as a motion to reinstate,[6] appellants did not offer any evidence or argument beyond that presented at the hearing on the motion to dismiss. We have already concluded the trial court did not abuse its discretion in

---

[5] In a dissenting opinion to the denial of a petition for review, two justices of the Texas Supreme Court opined that the standard should be the same for all dismissals, whether under the court's inherent power or Rule 165a. *See Rampart Capital Corp. v. Maguire*, 1 S.W.3d 106, 107 (Tex. 1999). Recent cases from other courts of appeals have not adopted that dissent; we are bound by *Burton v. Hoffman*, 959 S.W.2d 351, 353-54 (Tex. App.—Austin 1998, no pet.).

[6] A motion to reinstate must be verified or it is a nullity. *McConnell v. May*, 800 S.W.2d 194, 194 (Tex. 1990); *In re Garcia*, 94 S.W.3d 832, 833 (Tex. App.—Corpus Christi 2000, orig. proceeding). In contrast, a motion for new trial does not have to be verified. Tex. R. Civ. P. 329(b). We consider the substance of the motion, not its label. *See City of McAllen v. Ramirez*, 875 S.W.2d 702, 704-05 (Tex. App.—Corpus Christi 1994, orig. proceeding). Most of appellants' motion urged that the case should continue.

7

dismissing the cause; it was not an abuse of discretion under the circumstances to refuse to reinstate. *See Burton*, 959 S.W.2d at 354. We overrule appellants' first issue.

## Conclusion

We have overruled both of appellants' issues presented. We affirm the trial court's judgment.

_____

David Puryear, Justice

Before Justices Kidd, Patterson and Puryear

Affirmed

Filed: March 4, 2004