**RAMPART CAPITAL CORPORATION, Petitioner,**

v.

**Jack R. MAGUIRE and Margaret C. Maguire, Respondents.**

No. 98–0553.

Supreme Court of Texas.

July 1, 1999.

Jeffrey J. Brookner, Stephen G. Scholl, Houston, for Petitioner.

Dennis K. Drake, Fred Shannon, Charles Estee, San Antonio, for Respondents.

Justice HECHT, joined by Justice OWEN, dissenting from the denial of the petition for review.

I respectfully dissent from the Court's denial of the petition for review.

Rampart Capital Corporation filed thirty-seven lawsuits to collect on promissory notes given by the limited partners of a

limited partnership. Jack and Margaret Maguire, two of the limited partners, and other defendants in several suits contested Rampart's ownership of the notes. Rather than litigate the issue in each case, Rampart filed a separate suit against the limited partnership and its general partner to establish Rampart's status as owner and holder of the notes. The Maguires and other limited partners intervened in this latter suit. When the trial court notified Rampart that its twelve remaining suits against the limited partners would be dismissed for want of prosecution, Rampart obtained a trial setting. Despite having delayed Rampart's suit against the limited partnership, the Maguires and other limited partners moved to dismiss Rampart's actions against them for want of prosecution. The trial judge denied the motions, and within a few days Rampart obtained a summary judgment in its separate suit against the limited partnership. Nevertheless, a month later a second judge, on his own initiative, dismissed Rampart's suits against the limited partners. Rampart immediately filed a verified motion to reinstate the case, which was heard by a third judge. That judge denied Rampart's motion, and a divided court of appeals affirmed, concluding that because of Rampart's inactivity and delay, the trial court had acted within its discretion in refusing to reinstate Rampart's claims.[1]

Both the common law and our rules of civil procedure authorize the dismissal of cases that are not prosecuted with due diligence.[2] A case can be dismissed for want of prosecution under Texas Rule of Civil Procedure 165a for failure to appear or for non-compliance with time standards established by the Court;[3] in addition, a trial court has inherent power to dismiss case for lack of due diligence in prosecution.[4] Under Rule 165a(3), a case dis-

1. 974 S.W.2d 195.

2. *Villarreal v. San Antonio Truck & Equip.,* 994 S.W.2d 628, 630 (Tex.1999) (per curiam).

3. *Id.* at 630; Tex. R. Civ. P. 165a(1) & (2).

4. *Villarreal,* 994 S.W.2d at 631; *State v. Rotello,* 671 S.W.2d 507, 509 (Tex.1984); *Rizk v.*

missed for want of prosecution must be reinstated upon a showing that "the failure of the party or his attorney was not intentional or the result of conscious indifference but was due to an accident or mistake or that the failure has been otherwise reasonably explained."[5] The standard is "essentially the same as that for setting aside a default judgment."[6]

Several courts of appeals have concluded that Rule 165a(3)'s reinstatement standard should not apply to cases dismissed under the trial court's inherent power,[7] but fail to explain what alternative reinstatement standard should then apply. Because a case may be dismissed for lack of diligence under either Rule 165a(2) or the court's inherent power, no purpose is served in creating two separate standards for review. The standard should be the same regardless of whether a case is dismissed pursuant to Rule 165a or the court's inherent power. The party must prove that the failure or omission that led to dismissal was the product of an accident or mistake or must otherwise reasonably explain that its actions were not intentional or consciously indifferent.

In its motion for reinstatement, Rampart explained its inactivity and its reasoning for not setting the case for trial at an earlier date by describing its attempt to resolve an issue in a single lawsuit instead of litigating it repeatedly in multiple lawsuits, and by identifying the delays in that suit caused by its opponents. Although Rampart was not without blame for the dismissal in this case, evidence of mere negligence is not enough to defeat reinstatement.[8] Because Rampart reasonably explained the delay in this case and because there was no evidence that Rampart's failure was intentional or the result of conscious indifference, the trial court abused its discretion when it denied Rampart's motion for reinstatement, and the court of appeals then erred when it affirmed that judgment.

I would grant Rampart's petition to clarify the standard that applies to reinstatement of cases dismissed under a trial court's inherent power, and I would accordingly reverse the judgment of the court of appeals and remand the case to the trial court for further proceedings.

---

Mayad, 603 S.W.2d 773, 776 (Tex.1980); *Veterans' Land Bd. v. Williams*, 543 S.W.2d 89, 90 (Tex.1976).

5.  TEX. R. CIV. P. 165a(3).

6.  *Smith v. Babcock & Wilcox Const. Co., Inc.*, 913 S.W.2d 467, 468 (Tex.1995).

7.  *See Burton v. Hoffman*, 959 S.W.2d 351, 354 (Tex.App.—Austin 1998, no pet.); *Clark v. Yarbrough*, 900 S.W.2d 406, 408–409 (Tex. App.—Texarkana 1995, writ denied); *Eustice v. Grandy's*, 827 S.W.2d 12, 14 (Tex.App.—Dallas 1992, no writ); *Goff v. Branch*, 821 S.W.2d 732, 733 (Tex.App.—San Antonio 1991, writ denied); *Ozuna v. Southwest Bio-Clinical Labs.*, 766 S.W.2d 900, 903 (Tex. App.—San Antonio 1989, writ denied); *Moore v. Armour & Co.*, 748 S.W.2d 327, 331 (Tex. App.—Amarillo 1988, no writ); *Speck v. Ford Motor Co.*, 709 S.W.2d 273, 275 (Tex.App.—Houston [14th Dist.] 1986, no writ).

8.  *See Babcock & Wilcox*, 913 S.W.2d at 468.