Reversed and remanded and Memorandum Opinion filed January 26, 2010.

                                                                              


In The

 

Fourteenth Court of
Appeals

___________________

 

NO. 14-08-01113-CV

___________________

 

Paulene Hong Dao and Hung Anh Le, a/k/a/ Hong
Le, Appellants

 

V.

 

Mong Cong Le, Appellee



 



 

On
Appeal from the County Civil Court at Law No. 3

Harris County,
Texas



Trial Court Cause No. 793366

 



 

 

MEMORANDUM OPINION

            In this personal injury case, appellants Paulene Hong
Dao and Hung Anh Le, a/k/a/ Hong Le, appeal from the trial court’s order
dismissing their case for want of prosecution.  Concluding the trial court
abused its discretion when it dismissed the case because appellants did not
personally appear on the day of trial, we reverse and remand.

I.  BACKGROUND

            On
December 31, 2001, appellee Mong Cong Le allegedly failed to yield the
right of way at a stop sign and his vehicle collided with the vehicle in which
appellants were riding.  On May 10, 2003, appellants filed suit against
appellee.

            Between
August 2004 and May 2008, the trial date was set and reset more than ten times. 
On May 20, 2008, appellants were not present for trial.  The court reset the
trial for August 25, 2008, and, over appellants’ counsel’s objection, stated,
“If they do not show up for the next trial, I will dismiss their claims.”  Additionally,
both appellants were subpoenaed to appear to testify at the trial on August 25.

On August 25, 2008, the
case was again called to trial.  Again, neither appellant personally appeared,
and the court ordered the case “dismissed for want of prosecution.”  Plaintiffs’
counsel objected, indicating he was prepared to present the case through
appellants’ depositions.  The court subsequently issued a single conclusion of
law, stating the case was “DISMISSED FOR PLAINTIFF’S [sic] FAILURE TO APPEAR TO
PROSECUTE CASE on the day of Trial.”

Appellants filed a
verified motion to reinstate and request for a hearing and a motion for new
trial.  The motions were overruled by operation of law.

II.  DISCUSSION

            In
a single issue, appellants contend the trial court erred in dismissing their
case.  Appellee argues the trial court did not abuse its discretion in
dismissing the case for want of prosecution because (1) appellants failed to
appear at trial, (2) the case was not disposed of within the Texas Supreme Court’s
time standards, and (3) appellants did not prosecute the case with due
diligence.

In reviewing a dismissal
for want of prosecution, we apply a clear-abuse-of-discretion standard.  See
3V, Inc. v. JTS Enters., Inc., 40 S.W.3d 533, 541 (Tex. App.—Houston [14th
Dist.] 2000, no pet.).  “A trial court abuses its discretion when it acts
arbitrarily and unreasonably, or when it misapplies the law to the established
facts of the case.”  CA Partners v. Spears, 274 S.W.3d 51, 78 (Tex.
App.—Houston [14th Dist.] 2008, pet. denied).

Appellants’ burden on
appeal depends on whether the trial court specified the basis for the dismissal
in its order.  See Rampart Capital Corp. v. Maguire, 974 S.W.2d 195, 197
(Tex. App.—San Antonio 1998), pet. denied, 1 S.W.3d 106 (Tex. 1999).  If
the order is silent, appellants must negate all possible grounds for dismissal,
including the three grounds listed by appellee in his appellate brief.  See
id.  “If, however, the dismissal order lists a specific ground, the
plaintiff seeking reinstatement must negate only the reason stated in the
dismissal order.”  Id.[1]

In this case, the trial
court’s conclusion of law specifies the ground on which the court dismissed the
case.  It follows that appellants’ burden is to negate only the ground
specified in that conclusion of law, that is, failure to appear.  This
reasoning is implicitly supported by (1) the due process notice requirements
regarding dismissals for want of prosecution;[2]
and (2) references to requiring affirmance of a dismissal when a party did
not request findings of fact or conclusions of law and the court did
not specify the standard of dismissal used.  See Nichols v. Sedalco
Const. Servs., 228 S.W.3d 341, 342–43 (Tex. App.—Waco 2007, pet. denied).

Because appellants’ counsel appeared on both May 20
and August 25, the court’s reference to “failure to appear,” necessarily means
appellants’ failure to appear in person.  Accordingly, this court cannot affirm
the trial court’s dismissal of the case on any ground other than failure of
appellants to appear in person for trial.  See Shook v. Gilmore & Tatge
Mfg. Co., 951 S.W.2d 294, 297 (Tex. App.—Waco 1997, pet. denied).  We
therefore decline appellee’s invitation to consider other possible grounds for
dismissal.  See id.

The trial court’s requirement that appellants appear
in person is contrary to Texas Rule of Civil Procedure 7, which provides, “Any
party to a suit may appear and prosecute or defend his rights therein, either
in person or by an attorney of the court.”  Tex. R. Civ. P. 7; see Rainwater
v. Haddox, 544 S.W.2d 729, 732 (Tex. Civ. App.—Amarillo 1976, no writ) (in
context of deciding whether party waived right to jury trial by failing to
appear personally, stating, “It long has been the principle in Texas that
whatever a man sui juris may do for himself may be done by his
attorney”).  In misapplying the law, the trial court abused its discretion in
the present case.  See CA Partners, 274 S.W.3d at 78.

Finally, we note appellee refers several times to
appellants’ failure to appear despite having been subpoenaed.  Dismissal of a
plaintiff’s case, however, is not a recognized means of enforcing a subpoena.  See
Tex. R. Civ. P. 176.8.

For the foregoing reasons, we sustain appellants’
sole issue.  Accordingly, we reverse the order below and remand the cause to
the trial court.

 

                                                                                    

                                                                        /s/        Kent
C. Sullivan

                                                                                    Justice

 

 

Panel consists of Justices Frost, Boyce, and Sullivan.

 









[1]See Valenzuelza v.
TDCJ-Institutional Division, No. 14-98-01116-CV, 1999 WL 966550, at *1
(Tex. App.—Houston [14th Dist.] Oct. 21, 1999, no pet.) (per curiam) (not
designated for publication) (stating, when dismissal order specifies ground for
dismissal, review is limited to whether dismissal is proper on the ground
specified by trial court).





[2] See 3V, Inc., 40
S.W.3d at 543.