NUMBER 13-10-00558-CV

 

COURT OF APPEALS

 

THIRTEENTH DISTRICT
OF TEXAS

 

CORPUS CHRISTI -
EDINBURG 


                                                                                                                     


 

JAMES J. ZARYCHTA JR.,                                                              
Appellant,

 

v.

 

MONTGOMERY COUNTY
DISTRICT ATTORNEY,                      Appellee.

                                                                                                                     
  

 

On appeal from the 359th
District Court 

of Montgomery County,
Texas.

                                                                                                                     


 

OPINION

 

Before Chief Justice
Valdez and Justices Rodriguez and Garza 

Opinion by Justice
Rodriguez

 

            Appellant James J. Zarychta Jr., pro se,
challenges the trial court's dismissal for want of prosecution of his open
records claim against appellee The Montgomery County District Attorney.  By two
issues, Zarychta argues that the trial court erred in (1) dismissing his case
for want of prosecution without conducting a hearing, and (2) denying his
motion to reinstate and/or failing to conduct a hearing on his motion to
reinstate.  We reverse and remand.

I. 
Background[1]

 

            On November 16, 2009, Zarychta filed suit
against the district attorney seeking to compel the release of certain
documents related to Zarychta's criminal prosecution and conviction.[2] 
When he filed his suit, Zarychta did not request service of process on the
district attorney, and it is undisputed that citation was never served.  

On May 20, 2010, the trial court
notified Zarychta that his suit had been placed on the dismissal docket and
would "be dismissed for want of prosecution on July 22, 2010," unless
Zarychta filed a motion to retain "reflecting good cause as to why the
case should not be dismissed."  Zarychta filed his motion to retain on
June 23, 2010, in which he stated, "Plaintiff has been very diligent in
his quest to obtain the information/documents.  Therefore, this Honorable Court
must allow this Suit to proceed.  Plaintiff will show how the requested
information/documents must be disclosed under the Public Information
Act."  Zarychta's motion to retain did not address the service of process
issue; it only reiterated the requests made in Zarychta's original petition. 
Zarychta also filed a motion for bench warrant or, alternatively, hearing by
teleconference, in which he requested to be either personally present or
present by telephone at the dismissal hearing.

On July 26, 2010, the trial court issued
an order dismissing Zarychta's suit for want of prosecution, finding that
Zarychta "has failed to prosecute this matter diligently and has failed to
show good cause for such failure."  In the order of dismissal, the trial
court also found that Zarychta's presence at the dismissal hearing was not
necessary and denied his motion for bench warrant or teleconference.  

Zarychta then filed a verified motion to
reinstate under Texas Rule of Civil Procedure 165a.  See Tex. R. Civ. P. 165a.  In that motion,
Zarychta alleged that, shortly after he filed suit, the district clerk sent him
a letter stating that it did not accept the type of suit filed by Zarychta,
informing Zarychta that he needed to forward his suit to the court of criminal
appeals, and returning Zarychta's petition to him.  Zarychta asserted that he
"never received notice from the District Clerk that this matter was filed
and . . . actually received notice from the District Clerk informing him that
the matter would not be filed."  In light of this, Zarychta argued that
"any reasonable litigant would have understood that there was nothing to
be 'diligently' pursued."  On September 16, 2010, the trial court denied
Zarychta's motion to reinstate.  This appeal followed.

II. 
Dismissal Without Hearing

 

            By his first issue, Zarychta argues that
"in order to comply with the trial court's notice, it was necessary"
for him to appear at the dismissal hearing.[3] 
Based on this, Zarychta argues that the trial court erred in dismissing his
case without allowing Zarychta to appear in person or "by some other
effective means (teleconference)."

            In this case, the trial court determined that
Zarychta's presence at the hearing was not necessary, and based on the record
before the court at that point, we conclude that was a reasonable
determination.  Although litigants cannot be denied access to the courts simply
because they are inmates, inmates do not have an absolute right to appear in
court in person in every court proceeding.  In re Z.L.T., 124 S.W.3d
163, 165 (Tex. 2003).  Rather, the inmate's right of access to the courts must
be weighed against the protection of the correctional system's integrity.  Id. 
In making this determination, the trial court should consider a number of
factors, including the following most relevant to this case:  whether the
prisoner can and will offer admissible, noncumulative testimony that cannot be
effectively presented by deposition, telephone, or some other means; and
whether the prisoner's presence is important in judging his demeanor and
credibility.  Id. at 165-66.  The burden is on the inmate to establish
his right to relief, and if the inmate fails to present sufficient information
to the trial court for the trial court to evaluate whether the inmate's
participation in a hearing is warranted, the trial court has no independent
duty to evaluate the factors and does not abuse its discretion by denying the
request.  Id. at 166.

            In his motion for bench warrant or,
alternatively, hearing by teleconference, the only reason given by Zarychta for
why the motion should be granted was that he "is currently
incarcerated" and therefore "unable to attend the July 22, 2010
scheduled hearing."  Thus, we conclude that Zarychta's motion did not
include sufficient information establishing his right to relief, and on this basis
alone, the trial court did not abuse its discretion in denying Zarychta's
request to participate.  See id.

But here, Zarychta was also given an
alternative means, through the motion to retain, to present his good-cause
reasons against dismissal, and in the motion he filed with the trial court, he failed
to address the arguably most pressing issue constituting his lack of
diligence—his failure to effectuate service of process on the defendant.  It
was plain from the record before the trial court at that stage that, in the
nearly six months that the suit had been on file, Zarychta had made no efforts
to effectuate service of process on the district attorney.  Zarychta's motion
to retain made no mention of this procedural defect, instead only making arguments
related to the merits of his suit.  Based on the fundamental lack of
understanding demonstrated by Zarychta at this point, the trial court acted
reasonably in concluding that Zarychta's participation in the hearing would
provide nothing further of consequence that was not already clear from the
record before it.  We conclude that the trial court's dismissal was not
erroneous on this basis.  Zarychta's first issue is overruled.            

III. 
Denial of Motion to Reinstate

 

            By his second issue, Zarychta argues that the
trial court abused its discretion in denying his motion to reinstate because
his lack of diligence was not intentional or the result of conscious
indifference but was due to accident, mistake, or has otherwise been reasonably
explained.  We agree.

"We review an order denying a
motion to reinstate under an abuse of discretion standard."  Cappetta
v. Hermes, 222 S.W.3d 160, 164 (Tex. App.—San Antonio 2006, no pet.)
(citing Smith v. Babcock & Wilcox Constr. Co., 913 S.W.2d 467, 468
(Tex. 1995) (per curiam)).  The trial court abuses its discretion if it acts
arbitrarily, unreasonably, or without reference to any guiding rules and
principles.  Id.  

 

There are three bases on which a trial
court may dismiss a case for want of prosecution:  (1) failure to appear; (2)
non-compliance with supreme court time standards; and (3) failure to prosecute
with due diligence, which basis is derived from the trial court's common law
inherent authority to manage its docket.  See Tex. R. Civ. P. 165a(1)-(2); Villarreal v. San Antonio
Truck & Equip., 994 S.W.2d 628, 630 (Tex. 1999).  Here, the trial court
did not dismiss Zarychta's case based on his failure to appear; the case was
dismissed because Zarychta failed to prosecute it diligently.  Rule 165a(3)
commands that, after a case is dismissed for want of prosecution, the trial
court "shall reinstate the case upon a finding after a hearing that the
failure of the party or his attorney was not intentional or the result of
conscious indifference but was due to an accident or mistake or that the
failure has been otherwise reasonably explained."  Tex. R. Civ. P. 165a(3).  The courts of appeal are split
regarding whether this conscious indifference standard applies only to the two
bases for dismissal enumerated by rule 165(a)—i.e., failure to appear and
non-compliance with supreme court time standards—or to dismissals under the
inherent common law authority of the trial court, as well.[4] 
In Sanchez v. Garcia, this Court sided with the latter, noting that the
standard for reinstatement "should be the same regardless of whether a
case is dismissed pursuant to rule 165a or the court's inherent power." 
No. 13-05-557-CV, 2006 WL 2076752, at *2 n.6 (Tex. App.—Corpus Christi July 27,
2006, pet. denied) (mem. op.) (citing Rampart Capital Corp. v. Maguire,
1 S.W.3d 106, 107 (Tex. 1999) (Hecht, J., dissenting)).  Thus, when a case is
dismissed for want of prosecution based on the trial court's inherent power to
do so for lack of due diligence, as is the case here, the plaintiff "must
prove that the failure or omission that led to dismissal was the product of an
accident or mistake or must otherwise reasonably explain that its actions were
not intentional or consciously indifferent."  See id.; see also
Cappetta, 222 S.W.3d at 166-67 (holding that rule 165a(3)'s standard
applied to inherent power-based dismissals); Maldonado v. Conroe Creosoting
Co., No. 09-96-00401-CV, 1997 WL 536704, at *2 (Tex. App.—Beaumont Aug. 28
1997, no writ) (not designated for publication) (applying the rule 165a(3)
standard to a lack-of-diligence dismissal).  We conclude that Zarychta did so
in this case.

In his motion to reinstate, Zarychta
alleged that his failure to prosecute his case with diligence stemmed from the confusion
created by a letter sent to him by the district clerk shortly after he filed
his suit.  In that letter, which was attached to the motion to reinstate, the
district clerk informed Zarychta that "our office has received your Writ
of Mandamus on December 22, 2009.  However, we do not accept these types of
Writs.  You need to send this to the Court of Criminal Appeals.  Therefore, I
am returning your Writ to you."  The next communication received by
Zarychta was the district court's May 20, 2010 dismissal docket notice.  As
evidenced by a June 5, 2010 letter Zarychta sent to the district court, which
he attached to his motion to reinstate and was also a part of the case file
before the trial court, it is clear that this confused Zarychta as to the status
of his case:  

On June 1, 2010, I
received a letter from your office which advised me that I must file a Motion
to Retain with the District Clerk's Office . . . .  I understand this cause of
action to be a Suit . . . that I filed with the Court in November of 2009.  The
reason that I am not sure is because I never received notice from the Court
that it was filed.

 

We agree with Zarychta that, based on the foregoing,
there existed a legitimate dispute about the status of his suit.  In other
words, based on the representations of the district clerk, it was reasonable
for Zarychta to believe that his case was never filed and, for that reason,
there was nothing to be diligently prosecuted.  

In sum, Zarychta proved that his failure
to diligently prosecute his case did not result from conscious indifference
but, rather, resulted from another reasonable explanation, namely the confusion
created by the district clerk's letter.  See Tex. R. Civ. P. 165a(3); see also Sanchez, 2006 WL
2076752, at *2.  As such, we conclude that the trial court acted without
reference to guiding rules and principles in denying Zarychta's motion to
reinstate and therefore abused its discretion.  See Cappetta, 222 S.W.3d
at 164.  Zarychta's second issue is sustained.      

IV. 
Conclusion

 

            We reverse the trial court's judgment and
remand with instructions to reinstate Zarychta's case and for further
proceedings consistent with this opinion.

 

                                                                                                             NELDA
V. RODRIGUEZ

                                                                                                             Justice

 

Delivered
and filed the

18th
day of August, 2011.









[1]
This case is before the Court on transfer from the Ninth Court of Appeals in
Beaumont pursuant to an order issued by the Supreme Court of Texas.  See
Tex. Gov't Code Ann. § 73.001
(West 2005).





[2]
Zarychta was convicted of capital murder in the early 1990s and is currently
serving a life sentence in the Institutional Division of the Texas Department
of Criminal Justice.





[3]
We presume that Zarychta refers to the following language in the May 20, 2010
drop-docket notice:  "IF YOU DO NOT APPEAR AT THE SCHEDULED HEARING OF THE
MOTION TO RETAIN, THE COURT WILL DISMISS THIS CASE FOR WANT OF PROSECUTION ON
JULY 22, 2010."  (Emphasis in original.)  





[4]
Compare Guest v. Dixon, 223 S.W.3d 531, 534-35 (Tex. App.—Amarillo Sept.
5, 2006, no pet.) (holding that conscious indifference test does not apply to
dismissals under the inherent power of the trial court), Binner v. Limestone
County, 129 S.W.3d 710, 712 (Tex. App.—Waco 2004, pet. denied) (holding
that rule 165a(3)'s conscious indifference standard applies only to those
dismissals under rule 165a), Bynog v. Prater, 60 S.W.3d 310, 314 (Tex.
App.—Eastland 2001, pet. denied) (same), Maida v. Fire Ins. Exch., 990
S.W.2d 836, 840 (Tex. App.—Fort Worth 1999, no pet.) (same), Burton v.
Hoffman, 959 S.W.2d 351, 354 (Tex. App.—Austin 1998, no pet.) (same),
Eustice v. Grandy's, 827 S.W.2d 12, 14 (Tex. App.—Dallas 1992, no writ)
(same), and Hunt v. El Paso County Dist. Clerk, No. 08-00-00444-CV, 2002
WL 997772, at *3 (Tex. App.—El Paso May 16, 2002, pet. denied) (not designated
for publication) (same), with Cappetta v. Hermes, 222 S.W.3d 160,
166-67 (Tex. App.—San Antonio 2006, no pet.) (holding that rule 165a(3)'s
conscious indifference standard should apply to all dismissals for want of
prosecution, including "inherent power-based dismissals"), and
Maldonado v. Conroe Creosoting Co., No. 09-96-00401-CV, 1997 WL 536704, at
*2 (Tex. App.—Beaumont Aug. 28 1997, no writ) (not designated for publication)
(applying rule 165a(3) standard to an inherent-power dismissal).