# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-13-00449-CV

**Ashley N. Preslar, Appellant**

**v.**

**Miguel A. Garcia, Appellee**

## FROM THE COUNTY COURT AT LAW NO. 1 OF TRAVIS COUNTY
### NO. C-1-CV-09-011566, HONORABLE ERIC SHEPPERD, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

In this appeal, Ashley N. Preslar asserts that the trial court reversibly erred in dismissing her lawsuit against appellee Miguel A. Garcia for want of prosecution and in failing to hold an oral hearing on her motion to reinstate. We will affirm the trial court's judgment.

We review both the trial court's dismissal for want of prosecution and the court's failure to reinstate a case under an abuse-of-discretion standard. *MacGregor v. Rich*, 941 S.W.2d 74, 75 (Tex. 1997) (per curiam) (citing *Veterans' Land Bd. v. Williams*, 543 S.W.2d 89, 90 (Tex. 1976) (per curiam)). A trial court abuses its discretion if it acts in an arbitrary or unreasonable manner without reference to any guiding rules or principles. *Walker v. Gutierrez*, 111 S.W.3d 56, 62 (Tex. 2003). With regard to factual matters, an abuse of discretion occurs if the record establishes that the "trial court could reasonably have reached only one decision." *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding).

"[T]he common law vests the trial court with the inherent power to dismiss independently of the rules of procedure when a plaintiff fails to prosecute his or her case with due diligence." *Villarreal v. San Antonio Truck & Equip.*, 994 S.W.2d 628, 630 (Tex. 1999) (citations omitted).[1]  In determining whether a plaintiff has established due diligence, the trial court may consider the entire history of the case, including the length of time the case has been on file, the amount of activity in the case, whether and when a trial setting has been requested, and the existence of reasonable excuses for a delay.  *See State v. Rotello*, 671 S.W.2d 507, 509 (Tex. 1984); *Texas Mut. Ins. Co. v. Olivas*, 323 S.W.3d 266, 274 (Tex. App.—El Paso 2010, no pet.).  No single factor is dispositive; for example, a belated trial setting or professed readiness to proceed to trial does not conclusively establish diligence.  *See Jimenez v. Transwestern Prop. Co.*, 999 S.W.2d 125, 129 (Tex. App.—Houston [14th Dist.] 1999, no pet.).  The appellate court must look to the record in its entirety, including the findings of fact and conclusions of law, if any, and the procedural history of the case as reflected in the record.  *See Harvey v. Wetzel*, No. 03-03-00608-CV, 2004 WL 1685879, at *3 (Tex. App.—Austin July 29, 2004, no pet.) (mem. op.) (citing *City of Houston v. Thomas*, 838 S.W.2d 296, 297-98 (Tex. App.—Houston [1st Dist.] 1992, no writ)).

---

[1]  A trial court may also dismiss under the Rules of Civil Procedure on a "failure of any party seeking affirmative relief to appear for any hearing or trial of which the party had notice" or when a case is "not disposed of within time standards promulgated by the Supreme Court . . . ." Tex. R. Civ. P. 165a.  These "time standards" refer to rules of judicial administration providing that courts "should, so far as reasonably possible, ensure that all [civil jury] cases are brought to trial or final disposition . . . [w]ithin eighteen months from appearance date." *See* Tex. R. Jud. Admin. 6(b), *reprinted in* Tex. Gov't Code, tit. 2, subtit. F app.  Further, the applicable local rules provide that any civil case "that ha[s] been on file for more than 18 months that [is] not set for trial and ha[s] had no filings or settings within 180 days" is eligible for dismissal.  Travis (Tex.) Cnty. Ct. at Law Loc. R. 2.11.1(b).

In her first of three issues on appeal, Preslar argues that the trial court abused its discretion in granting Garcia's motion to dismiss because, she insists, she demonstrated due diligence in prosecuting her case. For support, she refers to statements in an unverified motion to retain she filed in response to Garcia's motion, as well as statements made by her counsel at the oral hearing on Garcia's motion to dismiss. The record reflects that this case had been on file more than forty months at the time of dismissal and had not yet been set for trial, though Preslar represented at the hearing on the motion to dismiss, and the record reflects, that she had conferred with Garcia's counsel and requested a trial setting in the event that Garcia's motion to dismiss was denied. The record further reveals that Preslar had taken no action of any kind for over twenty-one months between the time Garcia appeared, April 18, 2011, and when he filed his motion to dismiss, January 29, 2013. To justify or excuse this inaction, Preslar's counsel represented that the San Antonio office of her law firm (which had offices in other Texas cities, yet was evidently working the case out of its San Antonio office) had experienced a "transition period, and was without day-to-day counsel temporarily," and added that "[s]ince the temporary transitional period" had ended—apparently corresponding to shortly after Garcia filed his motion to dismiss—counsel had served discovery and attempted to schedule Garcia's deposition. However, Preslar presented no evidence to support these asserted excuses either in her motion to retain or at the hearing on Garcia's motion to dismiss. *See Texas Mut. Ins. Co.*, 323 S.W.3d at 274 (noting that "[t]he complaining party has the burden to bring forth a record" demonstrating due diligence); *see also Elkins v. Stotts-Brown*, 103 S.W.3d 664, 669 (Tex. App.—Dallas 2003, no pet.) (observing that motions and arguments of counsel are not evidence). And even if counsel's statements could be construed as evidence, the trial court would not have abused its discretion in concluding that her explanations did not

sufficiently excuse her delay. *See, e.g.*, *Rainbow Home Health, Inc. v. Schmidt*, 76 S.W.3d 53, 56-58 (Tex. App.—San Antonio 2002, pet. denied) (affirming dismissal of case that had been inactive for approximately twenty-three months where sole excuse offered in motion to retain was that death of party's husband left her unable to pay attorney for a "substantial period of time," and evidence presented in support of motion to reinstate did not demonstrate party actively prosecuted her case).

Further, the record shows that Preslar failed to attend a deposition of her that had been scheduled on February 20, 2012. Although the record contains the deposition notice—with a certificate of service complying with Texas Rule of Civil Procedure 21a—and a certificate of nonappearance, Preslar claims that she had no notice of this deposition and suggests that Garcia was required to provide a fax confirmation report to prove that she received notice. Preslar is mistaken. A notice properly sent pursuant to Rule of Civil Procedure 21a raises a presumption that the notice was received. *See* Tex. R. Civ. P. 21a; *Mathis v. Lockwood*, 166 S.W.3d 743, 745 (Tex. 2005) (per curiam). Rule 21a provides that a certificate of service by a party or an attorney of record "showing service of a notice shall be prima facie evidence of the fact of service," subject to rebuttal by the opposing party with proof that the notice was not received. Tex. R. Civ. P. 21a. Preslar does not dispute that the deposition notice attached as an exhibit to Garcia's motion to dismiss contained a certificate of service complying with Rule 21a. This was sufficient to raise a presumption that she received notice of the deposition, *see id.*, and, again, Preslar failed to present any evidence to rebut this presumption. *See Elkins*, 103 S.W.3d at 669; *see also Castillo v. State*, No. 03-11-00503-CV, 2012 WL 3793276, at *3 (Tex. App.—Austin Aug. 29, 2012, no pet.) (mem. op.) (appellant waived review of complaint regarding lack of notice when record showed motion was accompanied by

4

certificate of service stating that it had been served via fax in compliance with Rule 21a and appellant failed to provide evidence of non-receipt to trial court).

Preslar's inaction for approximately twenty-one months without a reasonable excuse for the delay, as well as her failure to attend her scheduled deposition, reflect a lack of diligence in prosecuting this case. *See Jimenez*, 999 S.W.2d at 129-30 (affirming dismissal where party failed to provide any proof of diligent prosecution); *see also Harvey*, 2004 WL 1685879, at *2-4 (record supported dismissal based on plaintiff's failure to set trial date over nine-month period without a reasonable excuse, coupled with fact case had been on file for forty-two months). Although Preslar may have taken certain steps to prosecute the case after Garcia moved to dismiss, "activity in response to a threat of dismissal will not necessarily suffice to retain a case on the docket." *Harrison v. City of New Braunfels*; No. 03-02-00645-CV, 2004 WL 393149, at *3 (Tex. App.—Austin Mar. 4, 2004, pet. denied) (mem. op.). We hold that the trial court did not abuse its discretion in dismissing this case under its inherent power to dismiss a case not prosecuted with diligence. *See MacGregor*, 941 S.W.2d at 75-76; *see also Harvey*, 2004 WL 1685879, at *2-4.[2]

In her third issue, Preslar contends that the trial court erred in failing to hold an oral hearing on her motion to reinstate. We note that the Texas Supreme Court has relied on the literal language of Rule 165a in holding that a movant who files a timely request for reinstatement under Rule 165a is entitled to an oral hearing. *See Thordson v. City of Houston*, 815 S.W.2d 550, 550 (Tex. 1991) (per curiam); *see also* Tex. R. Civ. P. 165a(3) ("The clerk shall deliver a copy of the motion [to reinstate] to the judge, who *shall set a hearing on the motion as soon as practicable*.

---

[2] In her second issue, Preslar argues that the trial court abused its discretion in granting the motion to dismiss pursuant to Rule of Civil Procedure 165a. We need not consider this alternate ground for the judgment. *See* Tex. R. App. P. 47.1.

The court shall notify all parties or their attorneys of record of the *date, time and place of the hearing*.") (emphases added). "Accordingly, a trial court has no discretion to refuse an oral hearing on a motion to reinstate." *Enriquez v. Livingston*, 400 S.W.3d 610, 618 (Tex. App.—Austin 2013, pet. denied) (citing *Thordson*, 815 S.W.2d at 550). The parties agree that the trial court did not hold an oral hearing,[3] and Garcia has not argued that Preslar's motion to reinstate was insufficient under Rule 165a.

However, we reverse a trial court's judgment only if the court's error probably caused the rendition of an improper judgment or probably prevented Preslar from properly presenting her case to the court of appeals. *See* Tex. R. App. P. 44.1. Our sister court in Waco has held that the failure to hold an oral hearing on a motion to reinstate does not constitute harmful error provided that the parties have had notice and an opportunity to present their arguments and evidence at an oral hearing on the motion to dismiss. *See Dueitt v. Arrowhead Lakes Prop. Owners, Inc.*, 180 S.W.3d 733, 740-41 (Tex. App.—Waco 2005, pet. denied). In *Dueitt*, the trial court held an oral hearing on the motion to dismiss, but did not hold another oral hearing on the motion to reinstate. *Id*. at 740-41. The dismissed parties argued that they were entitled to an oral hearing on their motion to reinstate pursuant to Rule 165a. *Id*. The court noted that the "motion to reinstate is the failsafe to prevent cases . . . from being improperly dismissed." *Id.* at 741 (citing *Binner v. Limestone Cnty.*, 129 S.W.3d 710, 713 (Tex. App.—Waco 2004, pet. denied)). The court further observed that other appellate courts have held that "participation in a motion to reinstate cures any due process error in

---

[3] In their briefing, the parties dispute why the court failed to hold a hearing, but it is unclear from the record why the hearing did not proceed on the date the parties had anticipated. *See Marshall v. Housing Auth. of City of San Antonio*, 198 S.W.3d 782, 789 (Tex. 2006) ("[W]e do not consider factual assertions that appear solely in briefs and are not supported by the record." (citing Tex. R. App. P. 55.2(g), (i); *Perry v. S.N.*, 973 S.W.2d 301, 303 (Tex. 1998))).

the original hearing on the motion to dismiss," and thus, ensures that the dismissed party has received due process. *Id.*; *see, e.g.*, *Manning v. North*, 82 S.W.3d 706, 715 (Tex. App.—Amarillo 2002, no pet.); *Texas Sting, Ltd. v. R.B. Foods, Inc.*, 82 S.W.3d 644, 648 (Tex. App.—San Antonio 2002, pet. denied); *Jimenez*, 999 S.W.2d at 129; *see also Rad v. Black*, No. 03-07-00574-CV, 2008 WL 2777320, at \*8 (Tex. App.—Austin July 17, 2008, no pet.) (mem. op.). The court reasoned that, likewise, participation in an oral hearing on a motion to dismiss would similarly cure any due process concerns raised by a failure to hold a hearing on a motion to reinstate. *Dueitt*, 180 S.W.3d at 741 (citing *Manning*, 82 S.W.3d at 715; *Texas Sting*, 82 S.W.3d at 648-49).[4] Therefore, although the trial court had not held an oral hearing on the motion to reinstate, "all due process concerns were eliminated" because the dismissed parties received "adequate notice and substance of the hearing on the motion to dismiss, and had the opportunity to respond at the hearing, which is all due process requires." *Id.* (citing *Smith v. McKee*, 145 S.W.3d 299, 302 (Tex. App.—Fort Worth 2004, no pet.); *Texas Sting, Ltd.*, 82 S.W.3d at 648). Further, the court noted that the dismissed parties did not offer any new arguments or indicate the discovery of any new evidence in their motion to reinstate. *Id.* Accordingly, the failure to hold a hearing did not probably cause rendition of an improper judgment, nor did it probably prevent the dismissed parties from presenting their case on appeal. *Id.* Thus, the court held that any error was harmless. *Id.*

We find the analysis in *Dueitt* persuasive. Although Preslar challenges the trial court's ultimate decision not to reinstate her case, she does not dispute that she had received

---

[4] Where a trial court does not hold an oral hearing on either the motion to dismiss or the motion to reinstate, due process concerns remain. *See Enriquez v. Livingston*, 400 S.W.3d 610, 616-20 (Tex. App.—Austin 2013, pet. denied) (holding trial court was not required to hold oral hearing on motion to dismiss, but abused its discretion in failing to hold an oral hearing on motion to reinstate).

7

proper notice and had a full opportunity to present her arguments and any evidence at the hearing on Garcia's motion to dismiss. Additionally, her motion to reinstate offers no new arguments and, aside from being verified, contains no additional or newly discovered evidence. On this record, we cannot conclude that the failure to hold a hearing probably caused the rendition of an improper judgment or prevented Preslar from presenting her case on appeal. Therefore, we hold that the failure to hold a hearing on Preslar's motion to reinstate was harmless. *See* Tex. R. App. P. 44.1(a); *Dueitt*, 180 S.W.3d at 741.[5] We overrule her third issue.

## CONCLUSION

We affirm the trial court's final judgment.

_____

Bob Pemberton, Justice

Before Chief Justice Jones, Justices Pemberton and Rose;
   Concurring Opinion by Chief Justice Jones

Affirmed

Filed: February 26, 2014

---

[5] In her briefing, Preslar suggests that the trial court was obligated to reinstate her case upon a showing that her actions were not intentional or the result of conscious indifference. *See* Tex. R. Civ. P. 165(a)(3). However, this Court has held that this rule applies only to dismissals based on a failure to appear at trial or other hearing and does not apply to dismissals under the court's inherent power. *See Burton v. Hoffman*, 959 S.W.2d 351, 353-54 (Tex. App.—Austin 1998, no pet.); *see also Harvey v. Wetzel*, No. 03-03-00608-CV, 2004 WL 1685879, at *5 (Tex. App.—Austin July 29, 2004, no pet.) (mem. op.); *but see Rampart Capital Corp. v. Maguire*, 1 S.W.3d 106, 106-07 (Tex. 1999) (dissent to denial of petition) (asserting that standard of proof for dismissed party should be same regardless of whether case is dismissed under Rule 165a or court's inherent power).